## DERRITT v. DERRITT.

No. 6985—Opinion Filed Oct. 16, 1917.

Rehearing Denied Nov. 6, 1917.

(168 Pac. 455.)

**1. Divorce—Alimony—Appeal.**

On an appeal from a decree allowing permanent alimony, this court may affirm, reverse, or modify the decree appealed from.

**2. Same—Decree on Appeal.**

On an appeal from the allowance of permanent alimony, where all the facts necessary to enable it to do so are contained in the record, this court may set aside the decree appealed from and enter such decree as the trial court should have entered.

**3. Divorce—Amount of Alimony—Statute.**

Under section 4969, Rev. Laws 1910, the amount of an award of alimony to a wife must be reasonable, having due regard to the value of the real and personal estate of the husband at the time of the divorce, and may be made in real or personal property, or both, or in money, and if made in money, the amount awarded must be just and equitable.

(Syllabus by Collier, C.)

Error from District Court, Creek County; James W. Steen, Assigned Judge.

Action for divorce and alimony by Ella Derritt against Edward Derritt, with cross-action by defendant. Decree for plaintiff for a divorce, with permanent alimony in a certain sum, and from the amount of alimony plaintiff brings error. Reversed and remanded, with directions.

McKeever & Moore and Geo. B. Rittenhouse, for plaintiff in error.

D. K. Cunningham, for defendant in error.

Opinion by COLLIER, C. This appeal is alone from the amount of alimony awarded the wife upon being granted a divorce.

We are first met with a motion to dismiss the appeal, which motion we think not well taken and same is denied.

The plaintiff in error, hereinafter styled plaintiff, brought action for divorce and alimony. To this the defendant in error, hereinafter styled defendant, filed answer and cross-action, and on trial of the case the wife was granted a decree of divorce and awarded permanent alimony in the sum of $250.

The evidence is voluminous and conflicting on support of the grounds for divorce; but, as the court decreed a divorce to the wife, and the time for appeal has expired and no appeal has been taken by the defendant, said decree of divorce has become final, and we must therefore assume that the wife was not at fault, and hence it is unnecessary to recite the evidence in regard thereto.

"As in other cases the presumption is in favor of the correctness of a decree in a divorce suit." 14 Cyc. 734.

The evidence of the defendant is that at the time the divorce was granted, he owned the following described property:

Northeast quarter (N. E. ¼) of section twenty-seven (27) in township nineteen (19) north of range eight (8) east, I. M. Kingfisher county, Oklahoma.

—and the following personal property, upon which there is a mortgage for attorney's fees awarded by the court, in the sum of $100:

One span of mules, worth_____$150.00
One spring mule, worth_____ 30.00
Five mares, worth in the aggregate___ 180.00
Two horses, worth_____ 55.00

There was also evidence that defendant at the time the decree was granted owned buggies and farming implements whose values are not shown by evidence.

The further uncontradicted evidence is that the parties were married in 1903; that there were no children born to said union; and that the action for divorce was filed October 7, 1913; that during the time that the parties lived together as husband and wife—some ten years—that the wife con-

tributed to the family, of her own earnings, earned while away from home, about $180.

There is no evidence as to the value of the real estate, the court only expressing the opinion that it was worth $1,600, and there is no evidence whatever as to the value of some of the said personal property. There is also no evidence showing the wife at the time of the divorce had any property whatever.

Section 4969, Revised Laws, reads:

"When a divorce shall be granted by reason of the fault or aggression of the husband, the wife shall be restored to her maiden name if she so desires, and also to all the property, lands, tenements, hereditaments owned by her before marriage, or acquired by her in her own right after such marriage, and not previously disposed of, and shall be allowed such alimony out of the husband's real and personal property as the court shall think reasonable, having due regard to the value of his real and personal estate at the time of said divorce; which alimony may be allowed to her in real or personal property, or both, or by decreeing to her such sum of money, payable either in gross or in installments, as the court may deem just and equitable. As to such property, whether real or personal, as shall have been acquired by the parties jointly during their marriage, whether the title thereto be in either or both of said parties, the court shall make such division between the parties respectively as may appear just and reasonable, by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereof. In case of a finding by the court, that such divorce should be granted on account of the fault or aggression of the wife, the court may set apart to the husband and for the support the children, issue of the marriage, such portion of the wife's separate estate as may be proper."

Section No. 4969, supra, clearly provides that the amount of alimony awarded upon granting a divorce in favor of the wife should be such as is reasonable, having due regard to the value of the real and personal estate of the husband at the time the divorce is rendered, that the same may be allowed in real or personal property or both, or by decreeing her such a sum of money—upon the basis of a reasonable allowance of alimony—as may be just and equitable.

In short, the amount of alimony allowed must be reasonable, and, if awarded in money, the amount of money awarded must be just and equitable in comparison with the property owned by the husband.

"An appellate court which has acquired jurisdiction of an appeal in a divorce suit may dispose of the cause by affirming, reversing, or modifying the decree appealed from." 14 Cyc. 737J.

"A modification of an allowance of alimony in a judgment or decree may, under the practice of most of the states, be made by the appellate court without a reversal, where all the facts necessary to enable it to do so are contained in the record on appeal." 14 Cyc. 803, 5.

See Edwards v. Edwards, 84 Ala. 361, 3 South. 896.

It follows that the pivotal question in this case is whether or not, under the evidence in this case, the amount of $250, awarded as alimony, is reasonable. Taking into consideration the fact that the wife was granted a divorce; that there were no children of the union; that she contributed of her own earnings for the benefit of the family, the sum of $180; that the value of the personal property as shown by the evidence is $385, and the value of the land as expressed by the court is $1,600; and that the defendant owned other property, the value of which is not given—we are of the opinion and so hold that the amount of alimony awarded is not reasonable, and that the court committed prejudicial error in so decreeing. We are of the opinion and so hold that a reasonable amount of alimony in this case is not less than one-third of the said real estate and not less than one-third of the value of the said personal property, and, this being an equity case, we would proceed to render the decree we think the trial court ought to have rendered.

In the case of Tucker et al. v. Thraves, 50 Okla. 691, 151 Pac. 598, it was held:

"In a case purely of equitable cognizance, where the parties are not entitled to a jury, this court has on appeal the power to go into and examine the evidence, and, where the judgment of the trial court is clearly against the weight of the evidence, to render or cause to be rendered such judgment as the trial court should have rendered," Schock et al. v. Fish, 45 Okla. 12, 144 Pac. 584; Clayton et al. v. Oberlander et al., 59 Okla. 35, 157 Pac. 929.

But inasmuch as the value of all the personal property is not shown and the opinion of the court as to the value of the land is not based upon evidence, it is necessary to reverse and remand the cause as to the amount of alimony awarded.

It is therefore ordered that this case be reversed and remanded, and that the trial

court is ordered to vacate the judgment awarding $250 as permanent alimony, and proceed to ascertain the value of the real and personal property which the defendant owned at the time of the divorce, and render a decree awarding the plaintiff not less than one-third of the land in value, less the incumbrance of the said mortgage of $100, executed to secure the payment of attorney's fees, and not less than one-third in value of the personal property, as permanent alimony to the plaintiff.

By the Court: It is so ordered.