## SANGO v. SANGO.

No. 15006—Opinion Filed Dec. 23, 1924.

1. **Divorce—Division of Property—Trusts—Homestead Conveyed by Husband to Wife Regarded as Jointly Acquired Property.**

A conveyance by the husband to the wife of real estate, owned by the husband and occupied by the family as a homestead, under circumstances which negative any abuse of marital confidence by the wife, and at a time when the husband was guilty of a breach of marital duty to the wife, will not give rise to a trust estate for the benefit of the husband by operation of law or otherwise where there is no evidence of an intention to create an express trust within the purview of subdivisions 1 and 2 of section 8462, Compiled Laws 1921; but where husband and wife, for some time after the execution of said conveyance, continued to live together and occupy said real estate, exercising joint control thereof, the real estate will be regarded as the jointly acquired property of husband and wife to be disposed of by the court as such, upon the dissolution of the marriage, through the fault and aggression of the husband.

2. **Divorce — Alimony — Appeal — Disposition of Cause.**

On an appeal from an allowance of permanent alimony, where all facts necessary to enable the court to enter a decree are contained in the record, this court may set aside the decree appealed from and enter such decree as the trial court should have entered.

3. **Same—Reasonable Allowance — Division of Property.**

The amount of an award of alimony to a wife must be reasonable, having due regard to the value of the real and personal estate at the time of the divorce, and where the property has been acquired during marriage by the joint efforts of husband and wife, the court may either set aside a part of said property to the wife in kind or it may set all of the property aside to the husband and require him to pay in money to the wife such sum as may be just and proper in order to bring about an equitable division thereof.

(Syllabus by· Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Muskogee County; Enloe V. Vernor, Judge.

Action by Dora Sango against Edward Sango for an absolute divorce, alimony, and the custody of minor children. Decree for plaintiff for divorce and permanent alimony in a certain sum, and plaintiff brings error. Reversed and remanded, with directions.

Bruce & Brewer and R. Emmett Stewart, for plaintiff in error.

Disney & Wheeler, for defendant in error.

Opinion by FOSTER, C. The plaintiff in error in this court was the plaintiff, and the defendant in error was the defendant in the court below, and they will be referred to herein as they appeared in the trial court.

The plaintiff, Dora Sango, sued her husband, Edward Sango, for an absolute di-

vorce, for the custody of their two minor children, Edward Sango, Jr., and Thelma Sango, age nine and six years, respectively, for alimony in the um of $20 per month for the support and education of the children, the sum of $50 attorney's fees, and expenses of prosecuting her action, charging the defendant with nonsupport and gross neglect of duty.

The defendant in his answer denied the allegations of the plaintiff and by way of cross-petition alleged that the plaintiff had deserted him without excusable or justifiable cause, and on that ground asked that he be given a divorce by reason of the fault of the plaintiff and that a quitclaim deed which he had previously executed to the plaintiff, covering the northeast quarter of the northeast quarter of section 30, township 15 north, range 18 east, be canceled, set aside, and held for naught; that the plaintiff be adjudged to be a holder of the title to said land in trust for the defendant and that he be restored to the possession of said land and the absolute title thereto quieted in him.

A reply, in the nature of a general denial, was filed by the plaintiff to the answer and cross-petition of the defendant, and the cause came on for trial on the 31st day of May, 1923, upon the issues thus joined.

During the progress of the trial, and after the defendant had dismissed his cross-petition, in so far as any claim to a divorce was asserted by him against the plaintiff, the plaintiff obtained leave to file an amended petition, which amended petition was thereafter and on the first day of June, 1923, filed and the further hearing of the cause postponed until August 20, 1923.

In the amended petition, plaintiff asserted as an additional ground for divorce, extreme cruelty, inflicted by the defendant in that at various times prior to the date of her separation from the defendant in March, 1921, the defendant had cursed and struck the plaintiff and on two occasions had transmitted to plaintiff a venereal disease, to her bodily pain and humiliation.

Issues having been joined on the amended petition of the plaintiff by the filing of a denial of the new matter set forth in the amended petition, the trial was resumed on August 20, 1923. but no evidence was introduced by the defendant to controvert the evidence of extreme cruelty introduced by the plaintiff in support of her amended petition.

The court entered a decree granting plaintiff a divorce by reason of the extreme cruelty and gross neglect of duty of the defendant as claimed in plaintiff's petition, committing the custody of the two minor children to the plaintiff, holding that a certain quitclaim deed to the real estate hereinbefore described, executed by the defendant to the plaintiff on the 7th day of January, 1918, was a deed of trust and did not constitute a conveyance of said property to the plaintiff, quieting the title thereto in the defendant, free of any claim on the part of the plaintiff except that it should be subject to a lien in favor of the plaintiff for a judgment of $500 on account of money previously expended by the plaintiff on said land and for the support and maintenance of said children, $200 attorney's fee, and $50 per month for the maintenance and support of said minor children during minority from September 21, 1923.

Motion for a new trial was filed and overruled, exceptions allowed, and the plaintiff appeals.

"Several errors are assigned and discussed by the plaintiff under two propositions, namely: First, error of the court in holding that the deed from Edward Sango to Dora Sango was a deed of trust and that one dollar, love and affection, was not sufficient to support said conveyance.. Second, that the amount of recovery was inadequate and grossly disproportionate to the amount of property possessed by the defendant."

We do not think the trial court necessarily committed reversible error in canceling the quitclaim deed and reinvesting the defendant with the title to the real estate embraced therein, though the court may have predicated its judgment in that regard upon the erroneous finding that the deed in its inception was a deed of trust. The error, in our view of the case, committed by the trial court and which operated to the substantial prejudice of the plaintiff. was in refusing to allow plaintiff alimony commensurate with her interest in the property in question. The real estate had for some years prior to the deed been occupied by the family as a homestead.

Under the circumstances surrounding the parties at the time the deed was made and upon a consideration of the nature of the transaction, we think the court erred in holding that the property in question was held in trust by the wife for the benefit of the husband and in not holding that it was jointly acquired property.

It must be borne in mind that the trial court found from the undisputed evidence before it that the plaintiff was entitled to a divorce from the defendant, by reason of his wrongful conduct, occurring at and prior to the time the deed was executed; so that it

must follow as a necessary conclusion of fact that the defendant executed and delivered this deed to the plaintiff at a time when he was unfaithful to his marriage vows and under circumstances which negative any abuse of marital confidence by the plaintiff and at a time when the defendant must have felt obligated to make the transfer to his wife upon a fair consideration of his own duty in the circumstances.

There is, therefore, an entire absence of those elements which would ordinarily raise a constructive or resulting trust in favor of the husband. While there is no evidence of an intention by the parties to effect a settlement of the property upon the wife in consideration of their saparation, the situation of the parties and the circumstances surrounding them at the time of the transfer resemble more a settlement in the nature of an absolute gift to the wife than the creation of the trust estate for the benefit of the husband. As was said by the Supreme Court of Oklahoma in Mendenhall et al. v. Walters et al., 53 Okla. 603, 157 Pac. 732:

"The rule is, where a husband purchases lands with his own money and takes title thereto in the name of his wife or in the joint name of himself and wife, no trust arises in favor of the husband by reason thereof in the lands standing in the name of the wife, but the presumption of law is, in the absence of evidence to the contrary, that an advancement or gift was intended. This is so because in law the legal obligation rests upon the husband to support the wife."

There is no evidence in the record of the creation of an express trust within the purview of section 8462, Compiled Laws 1921, and if the circumstances under which the deed was executed were not such as to create a trust estate by operation of law, it would seem to follow that no trust whatever could exist. Yet it must not be held to follow under the evidence as disclosed by the record that an absolute settlement or gift was intended creating a separate estate in the wife. The evidence is not clear upon many of the vital issues in the case, but we think it may be said to be fairly deducible from the evidence that it was intended by the deed of January 7, 1918, to fix a status for the property as jointly acquired property by both husband and wife.

The defendant had not prospered. His farming operations had proven disastrous. The balance of his estate had gone, little by little, whether as a result of profligacy or legitimate business reverses, is immaterial. At the time this deed was made there was no separation and while their matrimonial relations had not been free of friction, there is no evidence that the deed was intended as a settlement upon the wife in consideration of an immediate separation.

On the other hand, the evidence discloses that for some time after the making of the deed, plaintiff and defendant exercised a sort of joint control over the property, having executed a mortgage upon it and deposited the proceeds of the mortgage in the bank to their joint credit, and a portion of the money thus deposited was disposed of, subject to their joint check.

It is fair to assume, we think, that the defendant by the deed of January 7, 1918, intended to recognize some interest in the property by the wife, and it must be regarded therefore as the joint property of husband and wife, just as if it had been acquired by their joint efforts from a third party.

Having arrived at the conclusion that the land in controversy was jointly acquired property, it follows that the trial court, under the rule announced in the case of Tobin v. Tobin, 89 Okla. 12, 213 Pac. 884, did not necessarily abuse its discretion in setting all of the property aside to one party, if it had required the other party to pay a sufficient sum of money in view of its character as jointly acquired property, although it is found that the court erred in holding that the deed created a trust in the property for the exclusive benefit of the husband. In other words, such error could not be regarded as operating to the substantial prejudice of the plaintiff under the whole record if the court had decreed a sufficient allowance to her.

It is probable, however, that the error into which the court fell, led him to make an allowance to the plaintiff out of all proportion to her rights in the property.

We think the trial court erred in awarding plaintiff a sum of money which we regard as inadequate in view of the character and amount of the property involved. The defendant himself testified that the 40 acres in controversy was located on the Okmulgee paved road, about one mile from Muskogee, that it had two sets of improvements on it, and that it was worth $300 per acre. It is true that the property is shown to be incumbered by a mortgage in the sum of $3,300, which would leave an equity of redemption in the defendant of the value of $8,700.

The records also show that during the year 1921, or 1922, a rental of $700 was collected from the property, which tends

to support the valuation placed upon the property by the defendant.

The trial court required the defendant to pay an attorney's fee of $200, $50 per month for the support of the minor children during minority, impressed the real estate with a lien to secure these amounts, and as to these items the judgment of the trial court will not be disturbed. The court, however, did not allow the plaintiff anything in her own right as alimony, out of their joint property, although it adjudged the defendant to be grossly in the wrong.

The $500 which the court allowed plaintiff only reimbursed her for taxes on the land and interest on the mortgage and for the support of the children in previous years.

We are of the opinion, and so hold, that the amount awarded is not reasonable and that the court committed prejudicial error in so decreeing. We are of the opinion that a reasonable amount of alimony in this case should not be less than $1,500 including the $500 heretofore expended by the plaintiff, which is only a little more than one-sixth of the value of the equity of defendant in the land under his own testimony.

In the case of Derritt v. Derritt, 66 Okla. 124, 168 Pac. 455, it is said:

"Under section 4969, Rev. Laws 1910, the amount of an award of alimony to a wife must be reasonable, having due regard to the value of the real and personal estate of the husband at the time of the divorce, and may be made in real or personal property, or both, or in money, and if made in money the amount awarded must be just and equitable."

In the body of the opinion the court said:

"It follows that the pivotal question in this case is whether or not, under the evidence in this case, the amount of $250, awarded as alimony, is reasonable. Taking into consideration the fact that the wife was granted a divorce; that there were no children of the union; that she contributed of her own earnings for the benefit of the family, the sum of $180; that the value of the personal property as shown by the evidence is $385, and the value of the land as expressed by the court is $1,600; and that the defendant owned other property, the value of which is not given—we are of the opinion, and so hold, that the amount of alimony is not reasonable, and that the court committed prejudicial error in so decreeing. We are of the opinion, and so hold, that a reasonable amount of alimony in this case is not less than one-third of the said real estate, and not less than one-third of the value of the said personal property, and this being an equity case, we

would proceed to render the decree we think the trial court ought to have rendered."

The cause is accordingly reversed and remanded to the district court of Muskogee county, with instructions to set aside its decree herein and enter a decree adjudging the real estate in controversy to be jointly acquired property and that the said property set aside to the defendant by the trial court in its decree be charged with a lien in his hands to secure a judgment in favor of the plaintiff for $200, attorney's fees, $50 per month, beginning September 1, 1923, and continuing during the minority of said minors, for the support and maintenance of said minors, and to secure a judgment for the further sum of $1,500, alimony in favor of the plaintiff, and that it take such further action not inconsistent with the views herein expressed as accord with right and justice.

By the Court: It is so ordered.

Note.—See under (1) 19 C. J. § 773; 39 Cyc. p. 185; (2) 19 C. J. § 768; (3) 19 C. J. § 611.