### ALBERT v. ALBERT et al.

No 16443—Opinion Filed June 8, 1926.

Rehearing Denied Dec. 21, 1926.

**1. Divorce—Alimony—Reasonable Amount.**

"Under section 4969, Rev. Laws 1910, the amount of an award of alimony to a wife, must be reasonable, having due regard to the value of the real and personal estate of the husband at the time of the divorce, and may be made in real or personal property; or both, or in money, and if made in money, the amount awarded must be just and equitable." Derritt v. Derritt, 66 Okla. 124, 168 Pac. 455.

**2. Same—Appeal—Reversal of Order Denying Permanent Alimony.**

On an appeal from an order denying permanent alimony, where all of the facts necessary to enable it to do so are contained in the record, this court may set aside the decree appealed from and enter or cause to be entered such a decree as the trial court should have entered in the first instance.

**3. Divorce—Decree to Wife—Right to Attorney's Fee.**

Where a divorce is granted by reason of the fault of the husband, and the wife is without separate means, it is the duty of the court, as an incident of such proceedings, to allow reasonable attorney's fees in behalf of the wife.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Osage County; Jesse J. Worton, Judge.

Action by Tildy Albert against Paul Albert for divorce, alimony, and attorney's fees. From judgment denying alimony and attorney's fees, plaintiff appeals. Reversed and remanded.

Horsley & Stith and Lydick & McPherren, for plaintiff in error.

Wilson, Murphey & Duncan, for defendant in error.

Opinion by DICKSON, C. The parties will be referred to as plaintiff and defendant, as they were designated in the trial court.

The plaintiff in error, plaintiff below, prosecuted this appeal from a finding and decree of the district court of Osage county entered on the 12th day of February, 1925, the material parts of which are as follows:

"That the plaintiff and defendant were married as in plaintiff's petition alleged. That both the plaintiff and defendant have been actual residents in good faith of Osage county, Okla., for more than one year next preceding the filing of this petition. That the defendant has been guilty of habitual drunkenness and adultery, and by reason thereof the plaintiff is entitled to a decree of divorce.

"The court further finds that the marriage of plaintiff and defendant was not entered into by the plaintiff in good faith, but for mercenary purposes and the plaintiff is not entitled to any alimony and not entitled to any of the property of the defendant."

The court further finds that none of the property of the defendant is the result of any effort or assistance rendered by the plaintiff, and that the plaintiff has contributed nothing whatsoever to the defendant's estate.

"The court further finds that the plaintiff should return to the defendant forthwith and immediately all of the property including household goods and kitchen furniture and the automobile which she now has in her possession belonging to the defendant, Paul Albert.

"The court further finds that the attorneys for the plaintiff have received a fee of $150, and that said attorneys are not entitled to receive an additional fee."

The plaintiff has appealed to this court and contends: (1) That the court erred in finding that the plaintiff married the defendant for mercenary reasons. (2) That the court abused its discretion in refusing to grant to the plaintiff reasonable alimony and attorneys' fees.

It will be observed that the trial court found that the plaintiff and defendant were legally married; that the defendant had been guilty of habitual drunkenness and

adultery, and by reason thereof the plaintiff was entitled to a divorce, but the court further found that the plaintiff did not enter into the marriage relation in good faith and by the decree stripped her of her marital rights.

The essential facts are admitted. The plaintiff and defendant were married on May 9, 1924, and lived together as husband and wife until December 9. 1924. The defendant is a full-blood Osage Indian. and at the time of the marriage and at the time of the rendition of the decree, was the owner of three Osage headrights, and was possessed of about $85,000 in cash and interest bearing securities, and other property of the value of about $20,000, and has an income of from $30,000 to $35,000 per annum. The plaintiff had been employed as a servant by the wealthy Osage Indians for several years before the marriage, during which time the plaintiff and defendant had been acquainted. The defendant's estate at the time of the marriage was and still is in the control of a guardian. This guardian knew of the marriage and consented to it. After the marriage the plaintiff and defendant moved to the defendant's farm near Pawhuska in Osage county, and for a short time harmony appears to have prevailed. At the expiration of about three weeks, however, the defendant went upon a protracted spree. The plaintiff hunted him up, took him home. and it appears did what she could to induce him to quit the excessive use of liquor. The defendant, however, eschewed all restraint; his sprees became more and more protracted, until finally the intervals of sobriety became so infrequent and uncertain in their duration as to be scarcely noticeable. During this time the defendant openly cohabited with other women, and on November 20, 1924, the defendant entered into a bigamous marriage with another woman, with whom he lived for a short time. The plaintiff upon discovery of this last delinquency instituted this suit for divorce.

There was no attempt on the trial to disprove the charges of drunkenness and adultery. The sole defense made in the trial court, and insisted upon here, is the contention that the marriage was not in good faith; that is, that the plaintiff married the defendant on account of his wealth. The plaintiff was about 25 years of age at the time of the marriage, and the defendant about 50 years of age. The plaintiff testified that she was a quarter-blood Cherokee Indian. It is clear that she lived among the Indians for several years before the marriage. There is no pretense that there was

any fraud perpetrated upon the defendant in inducing him to marry her. There is no evidence tending to show that during the time they lived together the plaintiff ever tried to get control of any of the defendant's money or property. The contention that the plaintiff was not in good faith in entering into the marriage relation is based upon the inference that the plaintiff had no property, and the defendant was wealthy, and the disparity in their ages.

In our judgment the finding that the marriage was entered into on the part of the plaintiff for mercenary purposes is not warranted by the evidence. The fact that the plaintiff may have taken into consideration the defendant's wealth and station in life, and the character of the home and support which she might reasonably expect, would in no way affect the validity of the marriage, and would certainly be no justification for the defendant's conduct. Yost v. Yost, (Ind.) 41 N. E. 11. The court found that the defendant was guilty of the highest offense against the marriage relation, and that the plaintiff was entitled to a divorce by reason thereof:

"When a divorce shall be granted by reason of the fault or aggression of the husband,* * * the wife shall be * * * allowed such alimony out of the husband's real and personal property as the court shall think reasonable, having due regard to the value of his real and personal estate at the time of said divorce." Section 508, C. O. S. 1921.

Bearing in mind the defendant's conduct, which resulted in the dissolution of the marriage, and the amount of his wealth and income, the decree of the court denying the plaintiff substantial alimony was, in our judgment, in flagrant violation of the letter and the spirit of the statute above quoted. The plaintiff was the legal wife of the defendant, and as such was entitled to her support and maintenance from the husband's estate. In case of his death she would have taken one-third of his estate as a forced heir. Section 11224, C. O. S. 1921. The defendant cannot escape this responsibility by his own conduct. In such circumstances, it is the duty of the court to take into consideration the duration of the marriage, the extent and value of the defendant's real and personal estate, and to award to the innocent and injured party reasonable alimony. Derritt v. Derritt, 66 Okla. 124. 168 Pac. 455; Sango v. Sango, 105 Okla. 166, 232 Pac. 572.

Counsel for both sides submit that if the case must be reversed, on account of the refusal of the court to grant reasonable ali-

mony, no new trial is necessary, for the reason that the facts as to the defendant's wealth and income are undisputed, and that this court can upon the record enter or cause to be entered such judgment as the trial court should have entered in the first instance.

There is no rule applying in all cases by which the amount of alimony may be determined. Each case must be disposed of on its own circumstances. The defendant is worth at least $250,000; his income is from $30,000 to $35,000 per annum. This wealth was not acquired by industry or effort on his part, but came to him by reason of his membership in the Osage Tribe of Indians. He has, it appears, no dependents; no children were born of this marriage, and the marriage relation was of short duration.

The defendant's conduct, which resulted in the dissolution of the marriage, was flagrant and grievous, and after a full consideration of all of the facts and circumstances of the case, we think that permanent alimony in the sum of $35,000 is reasonable.

The court refused to allow the plaintiff additional attorney's fees, and refused to allow anything for the preparation and prosecution of this appeal. The plaintiff's attorney was paid $150 under the order of the court about the time the suit was filed. No evidence was heard as to the value of the services rendered, or what such services were worth in the locality where they were rendered, but it is manifest that $150 is not an adequate compensation for the services rendered.

The case is therefore reversed and remanded to the district court of Osage county, with directions to set aside that part of the decree refusing permanent alimony and denying further attorneys' fees ,and to enter a decree in favor of the palintiff for $35,000 for permanent alimony, and to hear evidence and determine the amount of a reasonable attorneys' fee for the trial of this case in the court below, and in this court on appeal, and to enter a further judgment against the defendant for such attorneys' fees, as well as the costs incurred in the prosecution of this appeal.

By the Court: It is so ordered.