## STOTT v. STOTT.

No. 17455—Opinion Filed March 22, 1927.

(Syllabus.)

**1. Appeal and Error—Reversal—Failure to File Answer Brief.**

Where plaintiff in error has served and filed his brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may. where the authorities cited in the brief filed appear reasonably to sustain the assignment of error, reverse the cause with directions, in accordance with the prayer of the petition in error.

**2. Divorce—Decree for Alimony—Disposition on Appeal.**

On appeal from a decree allowing per-

manent alimony this court may affirm, reverse, or modify the decree appealed from.

### 3. Same—Alimony to Wife—Statutes.

Under section 508, O. O. S. 1921, the amount of an award of alimony to a wife must be reasonable, having due regard to the value of real and personal estate of the husband at the time of the divorce, and may be made in real or personal property or both, or in money, and if made in money, such amount awarded must be just and equitable.

### 4. Same—Allowance of Attorney's Fee.

Where a divorce is granted by reason of the fault of husband and the wife is without separate means, it is the duty of the court, as an incident of such proceedings, to allow reasonable attorney's fees in behalf of the wife.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by Addie Stott against Thomas R. Stott. Judgment for plaintiff, and from the decree awarding alimony, plaintiff brings error. Modified and affirmed.

H. P. White, for plaintiff in error.

Tillman, Tillman & Pierson, for defendant in error.

HUNT, J. This is an appeal from the judgment of the trial court awarding alimony to plaintiff in error. Plaintiff in error was plaintiff below. And on the _____ day of March, 1926, by the consideration of the trial court, a decree of divorce from the defendant was granted plaintiff, awarding the care and custody of the two minor children of plaintiff and defendant together with alimony in the sum of $1,000 to be paid in monthly installments, $40 per month and the further sum of $50 per month for the support of said minor children. From the judgment awarding alimony, plaintiff appeals.

In due time plaintiff filed her brief in this court, in which in support of the petition in error it is contended that the court's award of alimony is insufficient and in disproportion to the value of property and money possessed by the defendant.

The trial court found defendant was possessed of $10,000 cash and securities and of personal property of about two or three thousand dollars, and awarded the plaintiff only $1,000 alimony, same payable in monthly installments. The defendant in error has filed no brief nor otherwise appeared in this court. He has filed no cross-appeal, and the decree of divorce has become final. Under this condition of the case this court is not required to search the record to find some theory on which the judgment of the trial court may be sustained; but may, where the plaintiff in error files brief and cites authorities therein which reasonably support and sustain the assignments of error, reverse the judgment of the lower court in accordance with the prayer of the petition in error. Chicago, R. I. & P. Ry. Co. v. Weaver, 67 Okla. 293, 171 Pac. 34; Lawton National Bank v. Ulrich et al., 81 Okla. 159, 197 Pac. 167; City National Bank v. Coatney, 122 Okla. 233, 253 Pac. 481. In this case the plaintiff in error asks that she be awarded such alimony as is reasonable and equitable, and that the order providing for the payment of alimony in monthly installments be vacated and set aside, and that whatever sum of alimony may be awarded be payable in one fixed amount, and that plaintiff be awarded attorney fee and costs.

It is shown by plaintiff in error's brief that the defendant in error has wholly failed to comply with the award of the trial court as to payment for the support of minor children, has left the state of Oklahoma and ceased to be a resident thereof, and left this plaintiff in error without means of support.

Section 508, O. O. S. 1921, provides as follows:

"When a divorce shall be granted by reason of the fault or aggression of the husband, the wife * * * shall be awarded such alimony out of the husband's real and personal property as the court shall think reasonable, having due regard for the value of his real and personal estate at the time of said divorce; which alimony may be allowed to her in real or personal property or both, or by decreeing to her such sum of money, payable either in gross or in installments, as the courts may deem just and equitable."

In the case of Derritt v. Derritt, 66 Okla. 124, 168 Pac. 455, this court stated as follows:

"On an appeal from a decree allowing permanent alimony, this court may affirm, reverse, or modify the decree appealed from.

"On an appeal from the allowance of permanent alimony, where all the facts necessary to enable it to do so are contained in the record, this court may set aside the decree appealed from and enter such decree as the trial court should have entered.

"Under section 4969, Rev. Laws 1910, the amount of an award of alimony to a wife must be reasonable, having due regard to the value of the real and personal estate of

the husband at the time of the divorce, and may be made in real or personal property, or both, or in money, and if made in money, the amount awarded must be just and equitable."

" * * * As the court decreed a divorce to the wife, and the time for appeal has expired and no appeal has been taken by the defendant, said decree of divorce has become final, and we must therefore assume that the wife was not at fault, and hence it is unnecessary to recite the evidence in regard thereto."

In the case of Albert v. Albert, 120 Okla. 172, 251 Pac. 476, this court said:

" * * * The decree of the court denying the plaintiff substantial alimony was. in our judgment. in flagrant violation of the letter and the spirit of the statute above quoted. (Section 508, O. O. S. 1921). The plaintiff was the legal wife of the defendant, and as such was entitled to her support and maintenance from the husband's estate. In case of his death, she would have taken one-third of his estate as a forced heir."

In the instant case the trial court found that the defendant was possessed of $12,000 in cash. securities, and other personal property. The plaintiff in error has no property and now has the care and custody of the minor children, who if rendered proper care and custody require time and attention which impairs the ability of the plaintiff in error to otherwise earn a living for herself.

In Ahrens v. Ahrens, 67 Okla. 147, 169 Pac. 486, the second paragraph of the syllabus is as follows:

"Where a wife with minor children is granted a divorce, on account of the fault of the husband and awarded the care, custody, training, and education of the children, equity will also award her such alimony as under all the conditions justice and fairness may demand."

Upon consideration of the record and brief of plaintiff and the authorities, we are of the opinion that one-third of the property of the defendant would be an equitable division of the property in the instant case, and the sum of $4,000 should therefore have been allowed by the trial court to the plaintiff in error as alimony.

Plaintiff in error further contends an award of $1,000 for attorneys' fees should be made in this court. It is well settled that an allowance for attorney fees is proper in cases of this kind. In Albert v. Albert, supra, this court stated:

"Where a divorce is granted by reason of the fault of the husband, and the wife is without separate means, it is the duty of the court, as an incident of such proceedings, to allow reasonable attorney's fees in behalf of the wife."

The district court refused to allow any attorney fees, but upon the showing made by plaintiff in error in this court, which defendant in error has in no wise controverted nor made any effort to do so, we think a reasonable attorney fee should be allowed and that $400 is a reasonable fee for all services of plaintiff's attorney in this case in this court and the court below.

For the reasons herein stated, the judgment of the district court of Osage county is modified so as to award plaintiff $4,000 in a lump sum as alimony instead of $1,000 payable $40 per month, and further the sum of $400 as attorney fees, and in all other respects said judgment is affirmed.

BRANSON, C. J., MASON, V. C. J.. and PHELPS, LESTER. CLARK, RILEY, and HEFNER. JJ., concur.