## MOSELEY v. MOSELEY.

No. 22393.   Jan. 8, 1935.

Rehearing Denied March 26, 1935.

West, Gibson, Sherman, Davidson & Hull, for plaintiff in error.

Breckenridge & Bostick, for defendant in error.

WELCH, J. This is an appeal from the district court of Tulsa county. Plaintiff in error, Ira Dean Moseley, was defendant in the trial court, and the defendant in error, Charles Pauline Moseley, was plaintiff in the trial court. The parties will be referred to as plaintiff and defendant, as they appeared in the lower court.

Plaintiff commenced her action by filing a petition seeking a divorce and alimony. Upon trial to the court plaintiff was granted a decree of absolute divorce, and was given the home of the parties situate in Tulsa, valued at $4,750 over and above a mortgage of some $1,200 or $1,400, and was given the furniture and fixtures and household paraphernalia within the home, valued at $4,000. And, in addition thereto, was awarded alimony in the sum of $18,000, payable at the rate of $150 per month. The defendant has appealed only from the judgment of the court awarding alimony, and the sole question to be determined herein is whether or not the alimony award is excessive.

Plaintiff and defendant had been married about 16 years. No children were born of the marriage. The record indicates that at the time of the marriage neither of the parties owned separate property of any appreciable value. The entire property owned by either of the parties at the commencement of the action appears to have been acquired by the labors of the defendant, assisted ably, however, by the plaintiff as a wife. The plaintiff had acquired no separate property, except a lot in the city of Tulsa, which had been paid for by the defendant and taken and held in plaintiff's name. This appears to be of the approximate value of $1,500 to $2,000, and was awarded to plain-

tiff by the court as her separate property. The record shows that the defendant has provided liberally for his family in a financial way during their entire married life.

At the time of the rendition of judgment, the defendant's total assets, including the home and furnishings, were, in round numbers, $25,000. This included, however, the lot standing in his wife's name, which was awarded her as her separate property, leaving therefore a balance of gross assets of not to exceed $23,500. At the date of the judgment, the defendant was employed at a monthly salary of $400, as secretary of the Red Bank Oil Company. He had been notified, however, that his services with said company would be discontinued within approximately 30 days from that date. The testimony further shows that the defendant was indebted in the total sum of approximately $22,000. There is no material conflict in the evidence as to the financial status of the parties.

Both of the parties are in their early 30's as to age, and the testimony indicates that the defendant has usually enjoyed good health and had theretofore been capable of prospering in a material way by his labors, and did so prosper more than the average person. The plaintiff appears to have been in ill health for some time before the institution of the suit, due principally, it seems, to nervous disorders, but, at the time of the trial and rendition of judgment, she appeared to be greatly improved, and to be well on her way to complete recovery.

The law applicable to questions such as we have here is found in the quoted portion of section 672, O. S. 1931, as follows:

"When a divorce shall be granted by reason of the fault or aggression of the husband, the wife shall be restored to her maiden name if she so desires, and also to all the property, lands, tenements, hereditaments owned by her before marriage or acquired by her in her own right after such marriage, and not previously disposed of, and shall be allowed such alimony out of the husband's real and personal property as the court shall think reasonable, having due regard to the value of his real and personal estate at the time of said divorce; which alimony may be allowed to her in real or personal property, or both, or by decreeing to her such sum of money, payable either in gross or in installments, as the court may deem just and equitable."

When such question is involved on appeal to this court, the following rules have been announced in Derritt v. Derritt, 66 Okla. 124, 168 P. 455:

"On appeal from a decree allowing permanent alimony, this court may affirm, reverse, or modify the decree appealed from.

"On appeal from the allowance of permanent alimony, where all the facts necessary to enable it to do so are contained in the record, this court may set aside the decree appealed from and enter such decree as the trial court should have entered.

"Under section 4969, Rev. Laws 1910, the amount of an award of alimony to a wife must be reasonable, having due regard to the value of the real and personal estate of the husband at the time of the divorce, and may be made in real or personal property, or both, or in money, and if made in money, the amount awarded must be just and equitable."

See, also, Stott v. Stott, 122 Okla. 266, 254 P. 722, and Albert v. Albert, 120 Okla. 172, 251 P. 476.

Our attention has been called to a number of decisions of this court wherein the court construed and applied the above quoted statutory provisions relating to the allowance of alimony, with the suggestions that in no instance has this court permitted such allowance to go as far as the trial court did in this case in excess of the net value of the husband's entire property, both real and personal, and in addition thereto require him to pay an amount monthly for a period of ten years which might consume or exceed the entire net earnings which the average man might reasonably be expected to receive. The plaintiff has failed to call our attention to any decision of this court sustaining an award of alimony appearing to be so excessive as the record here shows. In our opinion, it is a serious question whether the defendant in this case would ever be able to pay the alimony awarded by the trial court in this case, particularly in view of his heavy indebtedness and the discharge notice from his employer. There is no serious dispute of these facts in the record.

See Hildebrand v. Hildebrand, 41 Okla. 306, 137 P. 711; Stott v. Stott, supra; Winslow v. Winslow, 156 Okla. 260, 10 P. (2d) 666; and Dresser v. Dresser, 164 Okla. 94, 22 P. (2d) 1012, and cases therein cited.

It is our conclusion that the intent and purpose of the quoted portion of section 672, O. S. 1931, will be properly served in the instant case if the total cash or money alimony awarded be reduced. The trial court evidently concluded that the illness theretofore suffered by the plaintiff should entitle her to more than an otherwise usual allowance of alimony, and that the defend-

ant's splendid earning ability should enable him to speedily settle h's debts, so that no great consideration need be given his debt status in fixing the amount of alimony. Even so, the alimony here allowed appears to be quite excessive. The gross assets amounted to $23,500.

That portion of the trial court's judgment awarding plaintiff the home and furniture, fixtures and household equipment of the aggregate value of $8,750, and awarding plaintiff the city lot as her separate property, should stand and be affirmed. That portion of the judgment awarding plaintiff additional money or cash alimony in the sum of $18,000 should be vacated as excessive, upon our conclusion that such allowance or award should not in any event have exceeded the sum of $6,000.

We find no fault in the judgment of the trial court relative to the attorney's fee, and in that respect the judgment is affirmed.

For the reasons stated, the judgment of the district court of Tulsa county is modified, and the cause is remanded to that court with directions to confirm the plaintiff's title to the real and personal property awarded to her, to vacate the judgment rendered in plaintiff's favor for $18,000, and in lieu thereof to render judgment for plaintiff in the sum of $6,000, credit to be allowed the defendant for all sums paid by him to the plaintiff since the date of judgment of the trial court of December 3, 1930, the remaining balance to be paid to the plaintiff by the defendant in monthly installments of $75.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BAYLESS, and BUSBY, JJ., concur.