### FOSTER v. FOSTER.

No. 28134.    April 5, 1938.

Silverman, Rosenstein & Rinehart, for plaintiff in error.

T. Austin Gavin and George L. Sneed, Jr., for defendant in error.

DAVISON, J. This is an appeal from a judgment of the district court of Tulsa county modifying a former judgment allowing alimony to defendant in error, and attorneys' fees.

The record discloses that in 1932, Leona K. Foster, as plaintiff, filed her suit for divorce against her husband, the defendant, John B. Foster. The defendant waived service and answered. Thereupon the court entered a decree granting the plaintiff a divorce and attempted to award alimony.

By the provisions of the decree the plaintiff was awarded the care and custody of the three minor children. The family residence in Tulsa, Okla., was awarded to the plaintiff and the defendant was required to execute and deliver a quitclaim deed for same. All of the furniture and furnishings, including pictures, draperies, curtains, hangings, rugs, dishes, silverware, kitchen and household utensils, as well as all of plaintiff's personal belongings, were awarded to the plaintiff.. The defendant was required to pay and keep paid all taxes and improvement assessments levied against the residence property for such time as the plaintiff remained single.

The decree further required that the defendant maintain the children and provide for their suitable and proper education; that the defendant pay to the plaintiff. as her reasonable alimony in money for her own individual support and maintenance, the sum of $200 per month, payable on the first day of each and every month. The defendant was taxed with the costs.

The record shows that the defendant paid the monthly alimony payments until March, 1937. In September, 1933, the plaintiff filed her motion to modify the judgment of the court as to the part purporting to award the plaintiff alimony of $200 per month, on the ground that the same was so indefinite and uncertain as to be void and unenforceable. This motion was not presented until July, 1937. The defendant filed a response to the motion admitting that portion of the judgment to be void, and asked that the monthly payments be reduced so as not to be disproportionate to his financial condition. The defendant denied that plaintiff was entitled to attorney's fees for presenting her motion to vacate the judgment as to alimony. The matter was heard and testimony introduced, and the court entered judgment against the defendant for alimony in favor of the plaintiff in the sum of $30,000 payable monthly in the sum of $150. The judgment further provided that the sum of $9,600 which had been paid under the void decree be credited against the $30,000. A further judgment was entered against the defendant in the sum of $500 for attorney's fees for plaintiff's attorney. It is from this judgment that defendant has appealed to this court.

The plaintiff contends that the judgment of the court modifying the former decree and fixing alimony is unsupported by the evidence and is clearly against the weight of all the evidence introduced in the case.

The principal contention is based upon the proposition that, under the facts disclosed by the record, the total amount of alimony awarded by the trial court is excessive.

Under the provisions of section 672. O. S. 1931, the amount of the award for alimony to a wife must be reasonable and made with due regard to the real and personal property of the husband at the time of the divorce. This court, in an unbroken line of decisions, has construed and applied the statutory provisions of the law in holding that the allowance of alimony should be with due regard to the value of the real and personal estate of the husband at the time of the divorce. In West v. West, 114 Okla. 279, 246 P. 599, this court held:

"Under section 508, C. O. S. 1921, the amount of an award of alimony to a wife must be reasonable and with due regard to the value of the real and personal estate of the husband at the time of the divorce, and as applied to an award of alimony, if any, the subsequent financial condition of the parties exists as though no marriage had ever been had; held, further, the wife thereafter has no interest in the after-acquired property of the husband."

To the same effect is Derrett v. Derrett,

66 Okla. 124, 168 P. 455; Sango v. Sango, 105 Okla. 166, 232 P. 49; Dunlap v. Dunlap, 88 Okla. 200, 212 P. 608; Moseley v. Moseley, 171 Okla. 150, 42 P.2d 237, and many other cases therein cited.

It is disclosed by the record that at the time the divorce was granted, the only property that defendant had that was not mortgaged for its approximate value was the family home, which cost $135,000, and the furnishings in the home, which cost $71,000, and two Rolls-Royce cars, all of which were given to the plaintiff.

The record further shows that when the decree of divorce was granted the defendant had liabilities aggregating $950,295.93. It is further shown that defendant carried on his books as assets properties valued at $419,295.92. This included stock in four oil companies with an estimated value of $190,720, also his home valued at $135,531.42, unimproved lots estimated at $12,433.98, and the home provided for the plaintiff's parents at $9,505.75, less the mortgage for $2,000 or $2,500. The stock in the various companies and all of the assets of the companies were heavily mortgaged. The vacant lots and other real estate were heavily mortgaged and taxes against them had not been paid for several years past. In view of defendant's financial condition at the time when the decree of divorce was issued, would a decree be reasonable and just that awarded to the wife the home with all of its furnishings and requiring the defendant to keep all taxes and improvement assessments paid thereon; and further requiring the defendant, at his own expense, to support the three children and provide for their suitable and proper education at an appropriate institution; and, in addition thereto, decree that the defendant should pay to the plaintiff for individual support and maintenance the sum of $30,000 to be paid in monthly installments? We do not think so. If this amount of alimony would have been unjust when the divorce was granted, then it was unjust on July 23, 1937, when the court revised the decree relative to the amount of alimony. In making the allowance for alimony, the trial court should neither have allowed the introduction of testimony nor considered the same, relative to the fact that the defendant, during these years since the decree of divorce was granted, had made some progress in his attempt to regain his lost fortune and was probably in a better position to pay alimony than when the original decree was rendered.

The courts should be careful in cases of this nature where the husband is required to pay alimony, and always endeavor to fulfill the intent and purpose of the statute, "having due regard to the value of his real and personal estate at the time of said divorce," and, in any event, avoid requiring the husband to pay a sum which might consume or exceed the entire net earnings which the party in the particular cases might reasonably be expected to receive. Moseley v. Moseley, supra; Dunlap v. Dunlap, supra.

Under the facts shown in this case, we are of the opinion that alimony in this case in the sum of $30,000 is excessive.

For the reasons stated, the judgment of the trial court is modified and the cause is remanded to that court, with directions to vacate the judgment rendered in plaintiff's favor for $30,000, and in lieu thereof to render judgment for plaintiff in the sum of $20,000, credit to be allowed the defendant for all sums paid by him to the plaintiff since the decree of divorce was rendered; the remaining balance to be paid to the plaintiff by the defendant in monthly payments of $150 each.

The defendant, in his brief, having waived any error that might have been committed by the trial court in allowing an attorney's fee of $500 to plaintiff. this court will give no expression relative to same.

Reversed, with directions.

BAYLESS. V. C. J., and RILEY, PHELPS, and GIBSON, JJ., concur.