SMYTH v. SMYTH.

No. 32205. April 23, 1947.

*179 P. 2d 920.*

G. C. Spillers and G. C. Spillers, Jr., both of Tulsa, for plaintiff in error.

Biddison & Rheam, of Tulsa, for defendant in error.

CORN, J. This is an appeal by defendant from a judgment rendered against him in a divorce proceeding brought by plaintiff in the district court of Tulsa county.

The parties were married in 1911, and were the parents of two children. At the time of trial the son had reached maturity, but the daughter was approximately one year under her majority. The petition made the usual allegations of domicile and marriage, and asked for divorce on the grounds of gross neglect of duty, for division of property, alimony and allowance for attorneys' fees. Defendant answered with a general denial.

The evidence disclosed that from the time of the parties' marriage they made their home with defendant's parents. During much of this time plaintiff had cared for and nursed defendant's maternal grandmother, who lived in the family home. Likewise, she had nursed and cared for defendant's mother during her last illness, in addition to her

own household duties and the burdens of rearing her own family.

There was no contest on the issue of divorce. Plaintiff's evidence was sufficient to establish grounds for the divorce, which was granted on the grounds of gross neglect of duty. In rendering judgment for divorce the trial court determined that the parties had jointly acquired property valued at $8,-569.49. Further, that defendant was the sole heir of Ella D. Smyth (his mother) and that upon her death defendant became vested with title to all her real estate, subject to the jurisdiction and control of the county court in administration thereof; and that the trial court had the power to award plaintiff alimony out of the estate. The total value of the estate was found to be $27,811.70, less expense necessary to closing same.

In dividing the jointly acquired property the trial court awarded plaintiff all jointly acquired household goods (other than specified items given defendant), $500 cash, and an automobile valued at $600. The court then allowed plaintiff permanent alimony of $18,500, to be paid out of the real property defendant inherited from his mother. The trial court also directed defendant to pay $50 per month child support for approximately one year remaining before the daughter attained her majority, and $800 allowance for attorneys' fees, less $150 already paid.

The journal entry of judgment recited that defendant was the sole heir at law of Ella D. Smyth, vested of certain described real property immediately upon her death, subject to the jurisdiction and control in the administration of her estate by the county court. Thereafter the trial court made the following finding, to wit:

"12. That the plaintiff should be awarded and granted alimony in the amount of $18,500.00 carved out of and paid and discharged from defendant's property inherited from his mother as aforesaid, as follows:

"The E/2 of Lot 3 and the W. 25 ft. of Lot 4, Block 12, Highlands First Addition to the City of Tulsa, Tulsa County, Oklahoma, value $6000.00

"The W. 75 ft. of Lots 5 and the W. 75 ft. of the South 50 ft. of Lot 6 in Block 153 of the original Town of Tulsa, now the City of Tulsa, Tulsa County, Oklahoma, value (over and above an existing mortgage of $1500.00)     $3500.00

"The N/2 of the SW/4 of the SW/4 of Sec. 33, Twp. 19 N., R. 13, E. in Tulsa County, Oklahoma, value    9000.00"

The present appeal is concerned only with the property of the trial court's action relating to the allowance of alimony and attorneys' fees. The different assignments of error are presented under three propositions. The first of these is the contention that the trial court abused its discretion in awarding alimony, and that the amount awarded is grossly excessive.

Defendant contends that the ordinary rule is to allow a wife one-third of jointly acquired property, but not of inherited property. There is no rule in this jurisdiction providing for allowance as alimony of any fixed, fractional portion either of jointly acquired property, or of separate property, by precise mathematical calculation. Miller v. Miller, 186 Okla. 566, 99 P. 2d 515, 61 S. Ct. 9, 311 U. S. 645, 85 L. Ed. 411. Burtrum v. Burtrum, 184 Okla. 61, 84 P. 2d 598.

The allowance of permanent alimony rested in the sound discretion of the trial court, and such discretion is to be exercised in view of all circumstances, such as the husband's estate and ability, the wife's condition and means, and the conduct of parties. Drake v. Drake, 187 Okla. 1, 100 P. 2d 887.

And, where a divorce is granted for fault of the husband, it is within the trial court's discretion to make an equitable division of the property, but this does not necessarily mean an equal division. Hughes v. Hughes, 177 Okla. 614, 61 P. 2d 556.

Defendant had an earning capacity of approximately **$225 per month, from his**

work in a warplant. During coverture the parties had acquired property of a value of $8,569.49. This figure is greater than the value asserted by defendant, but contains items found by the trial court to have been jointly acquired, but not included in defendant's calculations. The real estate which defendant inherited amounted to approximately $27,-811.70 in value. The aggregate estate subject to the division and award of alimony amounted to $36,260.

An extended resume of the evidence is unnecessary. The trial court found the evidence sufficient to justify the granting of the divorce. The defendant was able to work, and had an income from his labors. The plaintiff was untrained for business or profession. The judgment of the trial court allowed plaintiff alimony of $18,500 out of the inherited property, thus leaving defendant with some $9,300 remaining out of his inheritance. While the trial judge undoubtedly considered the situation of the parties, surrounding circumstances and their conduct, in rendition of this judgment, we are of the opinion the record does not support allowance of alimony in the amount fixed by the trial court.

Allowance of alimony out of the husband's property is a matter within the trial court's discretion. 12 O. S. 1941 § 1278. However, when making an award of alimony it must be reasonable, and the trial court must have regard for the value of the husband's estate, and consider the situation of both parties. Moseley v. Moseley, 171 Okla. 150, 42 P. 2d 237; Reed v. Reed, 182 Okla. 149, 77 P. 2d 30. Foster v. Foster, 182 Okla. 424, 78 P. 2d 318.

The judgment of the trial court left defendant an estate slightly in excess of $13,000 composed principally of the remainder of the inherited property. In view of all the circumstances, and particularly in view of the fact that the bulk of the alimony was awarded from inherited property, we are of the opinion the amount awarded plaintiff as permanent alimony should be and is reduced $3,500, by striking from the award the second item of property valued at $3,500 over and above an existing mortgage.

Defendant next contends the county court had exclusive jurisdiction of the estate of Ella D. Smyth, and the district court was without jurisdiction to award plaintiff as alimony any property belonging to the estate.

The record established that Ella D. Smyth was defendant's mother; that she died prior to trial of this case and her estate was being administered by the county court but was not closed at the time of this trial; defendant was administrator of the estate, which was ready for distribution, the time for filing of claims having expired without any being filed; all remaining to be done was to determine and pay inheritance taxes, court costs and attorneys' fees. Further, it was undisputed that this defendant was the natural son and sole heir of Ella D. Smyth, deceased.

Upon the death of an intestate title to real property vests immediately in the heirs. Davis v. Morgan, 186 Okla. 30, 95 P. 2d 856. And, this is true although title is not absolute until determination of heirship and final distribution is had. United States v. Drummond, 144 F. 2d 375, 65 S. Ct. 659, 324 U. S. 316.

Ella D. Smyth died intestate. Defendant was the administrator of her estate. As a practical matter it was undisputed that he was intestate's son, although such fact had not been judicially determined. It was further apparent that there was an inheritable estate which would come to defendant, and the value of such estate was established.

17 Am. Jur., Divorce & Separation, § 598, states as follows:

"Next to the fortune of which he is already possessed, consideration should be given to the husband's earning capacity, future prospects, and probable acquisition of wealth from any source whatever. . . ."

Inasmuch as the force of this rule is recognized by our own court, it would be peculiar to now hold that, although the existence and value of an inheritable estate was admitted, and that a defendant in a divorce proceeding was the sole and only heir, the trial court is without authority to consider this as the husband's property for the purpose of awarding alimony. The award of alimony stated that same was made subject to the jurisdiction of the county court where the estate was in process of administration. Nothing in the decree interfered with the jurisdiction of the county court, and the fact that the estate was still within the jurisdiction of that court simply for the purpose of being closed is not sufficient reason for divesting the district court of authority to make an award of alimony therefrom in a proper case.

Defendant also contends the trial court abused its discretion in allowing $800 attorneys' fees. Plaintiff offered testimony that such services were worth from $750 to $1,000. Defendant offered no evidence on this question. The testimony showed that plaintiff's attorneys spent considerably more time in preparation of this case than is reflected by the record evidence. Although, as pointed out by defendant, there was no contest on the issue of divorce, this alone is not sufficient to discharge the obligation incurred by reason of the necessity for investigation and preparation of the case.

However, plaintiff's attorneys have requested an additional allowance for services in this court on appeal, and have filed a motion to this effect. We are of the opinion they have been adequately compensated by the fee awarded in the trial court. For this reason the request for allowance of an additional fee on appeal is denied.

Judgment as modified is affirmed.