Juanita B. **CASSINA** and Birdie B. Bell; Plaintiffs in Error,

v.

Luther E. **JONES**, Defendant in Error.

No. 38266.

Supreme Court of Oklahoma.

June 9, 1959.

Norman & Wheeler, Chester Norman, Edwin Langley, Muskogee, for plaintiffs in error.

Kelly Brown, Harry G. Davis, Muskogee, for defendant in error.

PER CURIAM.

In 1938, the final decree was entered in the Estate of Flora Davis Jones, who died intestate, distributing the real property involved in this action, as follows:

"To Luther E. Jones, widower, an undivided one-third interest, and a life estate in and to said land; and to

"Juanita Bryan and Birdie Bellue, daughters, each an undivided one-third interest in and to said land, subject,

however, to the life estate of Luther E. Jones."

No appeal was taken from the final decree and Luther E. Jones went into exclusive possession of the property and resided thereon, as his homestead until 1942, at which time he abandoned all rights thereto as a homestead. The plaintiffs, Juanita Bryan Cassina and Birdie Bellue Bell, instituted this action to set aside that part of the final decree decreeing a life estate in Luther E. Jones and prayed for equal possession of the property.

The Court entered judgment for defendant, finding that the County Court had jurisdiction over the parties and subject matter in the probate proceedings and the decree of distribution could not be questioned in the District Court and decreed plaintiffs' undivided interests were subject to the life estate of defendant. The plaintiffs have appealed from that judgment.

Plaintiffs contend that the decree of distribution as entered by the County Court in 1938, in so far as it vested and granted a life estate in the property to the defendant was void and of no force and effect, for the reason the County Court was without authority to decree a life estate. Defendant contends that he acquired a life estate by virtue of the final decree which was not appealed from and that the decree of the County Court is not subject to collateral attack.

The question for determination is: In probating the estate of a person who dies intestate, can a County Court decree a life estate in the surviving spouse, and where such is decreed and no appeal is taken therefrom, can the decree be collaterally attacked in the District Court?

▰ A life estate can be created only by deed, will, lease or written contract. 33 Am.Jur. 465; 31 C.J.S. Estates, p. 4. At time of death, the title to the land was in Flora Davis Jones, and was impressed with the rights of homestead in the fee owner and her husband, Luther E. Jones, and was not encumbered with the burden of life estate in favor of Luther E. Jones.

■ County Courts are courts of limited jurisdiction and can only exercise such authority and power as are specifically granted under Art. 7, Sections 12 and 13, of the Constitution of the State of Oklahoma and such powers, duties and authority as may be prescribed by the Legislature, not inconsistent with the constitutional provisions.

Section 12, supra, provides:

"The County Court * * * shall have original jurisdiction in all probate matters, * * * Provided, That the County Court shall not have jurisdiction in any * * * matter wherein title or boundaries of land may be in dispute or called in question * * *."

Title 84 O.S.1951 § 212 provides:

"The property, both real and personal, of one who dies without disposing of it by will, passes to the heirs of the intestate, subject to the control of the county court, and to the possession of any administrator appointed by that court for the purpose of administration."

In construing this section in Smyth v. Smyth, 198 Okl. 478, 179 P.2d 920, 923, we said:

"Upon the death of an intestate title to real property vests immediately in the heirs. Davis v. Morgan, 186 Okl. 30, 95 P.2d 856. And, this is true although title is not absolute until determination of heirship and final distribution is had * * *."

Title 84 O.S.1951 § 213, inter alia, provides:

"When any person having title to any estate not otherwise limited by marriage contract, dies without disposing of the estate by will, it *descends* and *must be distributed* in the following manner: * * * if the decedent leave a surviving husband or wife, and more than one child living * * * one-third to the surviving husband or wife, and the remainder in equal shares to his children * * *."

■ By virtue of our Laws of Succession, on the death of Flora Davis Jones title to the property vested immediately in Luther E. Jones, Juanita Bryan Cassina and Birdie Bellue Bell, in equal shares, subject to the homestead rights of Luther E. Jones. Our laws are specific on the authority and power of a County Court in probate proceedings and are definite and certain in the manner in which property must descend and be distributed when not limited by a marriage contract or disposed of by will. The County Court was without authority to decree a life estate in the property to defendant and the same is void and of no force and effect. In the case of In re Bolin's Estate, 22 Okl. 851, 98 P. 934, 935, we said:

" * * * The jurisdiction of the courts of probate is not inherent. 9 Enc. & Pl. & Pr. 953. Such courts are purely creatures of the statute, with certain limited statutory power which must be strictly construed. Whenever they exceed the bounds of their statutory power, their acts to that extent are void."

■ The County Court being a court of limited jurisdiction and without authority to decree a life estate, the decree granting the life estate was void and was subject to collateral attack. In Winters v. Oklahoma Portland Cement Co., 65 Okl. 132, 164 P. 965, 969, we said:

" * * * Where the record in a case affirmatively discloses the facts to be such that the court was without power in such case to make the order or decree it assumes to make, the order or decree is void and subject to collateral attack. * * *"

In the case of Title Guaranty & Surety Co. v. Foster, 84 Okl. 291, 203 P. 231, 236, we said:

" * * * However, a successful collateral attack can be made against the validity of a judgment of a court of general or limited jurisdiction when it affirmatively appears from an inspection of the judgment roll that

either of the three following elements is absent, to-wit: (1) jurisdiction over the person; (2) jurisdiction of the subject-matter; and (3) judicial power to render the particular judgment. If either of those three elements is shown by the judgment roll to be missing, the judgment is void on its face; that is to say, it is void on the face of the record, and, being void, it 'will be so held and treated whenever and wherever and for whatever purpose it is sought to be used or relied on as a valid judgment.' "

See also Oklahoma City v. Corporation Commission, 80 Okl. 194, 195 P. 498.

The defendant cites many cases holding the final decree of the County Court in a probate proceeding which was not appealed from, but allowed to become final, cannot be attacked in a collateral proceeding, but they are distinguishable from the case at bar. In those cases, the court had the power to render the decree, while in this case the court did not have such power and a different rule therefore applies.

■ We therefore hold, since the defendant abandoned his homestead right in and to the property, the plaintiffs and defendant are entitled to equal possession thereof.

Reversed and remanded with directions to the trial court to vacate the judgment entered on February 28, 1958, and enter judgment in accordance with the views expressed herein.

DAVISON, C. J., WILLIAMS, V. C. J., and HALLEY, JOHNSON, BLACK-BIRD, JACKSON, IRWIN, and BERRY, JJ., concur.

The Court acknowledges the aid of Supernumerary Judge N. S. Corn in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the court.