## Heskamp v. Heskamp.

(Decided June 28, 1922.)

### Appeal from Jefferson Circuit Court

1. Divorce—Alimony—Maintenance Pending Appeal.—The Court of Appeals has jurisdiction to order the payment of a sum for maintenance for the wife, pending an appeal to it, in an action concerning divorce and alimony, but, it will ordinarily refuse to make such an order, unless the entire record of the action is before it, and after the appeal has been perfected, by the filing of the entire record in the office of the clerk and such other steps taken as are necessary to perfect the appeal.

2. Divorce—Alimony—Maintenance Pending Appeal.—The circuit court has authority to make an order requiring the husband to pay to the wife such sum as is reasonably necessary for her maintenance, while an appeal is pending in an action concerning divorce and alimony, and such order may be made after a judgment has been rendered and an appeal prayed and granted, and the judgment for alimony superseded, and such order can not be superseded, although it may be appealed from, but, when such an

order is made provision should be made in it, that upon the disposition of the appeal, the husband may not be required to pay double maintenance.

BEN F. EWING and J. L. RICHARDSON for appellant.

BARRET & NETTLEROTH for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HURT—Overruling motion.

In an action in the circuit court, wherein Lula S. Heskamp was plaintiff and Herman G. Heskamp was defendant, a judgment was rendered granting the plaintiff a divorce from the bonds of matrimony with the defendant and awarding her alimony in the sum of $60.00 per month, and counsel fees in the sum of $250.00 and the custody of a minor child of the couple. The defendant prayed and was granted an appeal from the judgment. He failed to pay the alimony directed and was ruled by the circuit court to show cause why he should not be punished as for a contempt. He thereupon superseded the judgment, by the execution of a supersedeas bond before the clerk of the court, and caused a supersedeas to issue and to be served. The circuit court, when its attention was called to the fact of the supersedeas discharged the rule for contempt.

The defendant has never perfected his appeal by filing the transcript of the record, in the clerk's office of this court, and the judgment appealed from, being rendered on May 6, 1922, he yet has until twenty days, before the beginning of the winter term of this court, 1923, in which to perfect his appeal, without losing the benefit of the appeal granted him by the circuit court, and if he fails to perfect his appeal, the defendant cannot move this court to dismiss the appeal granted by the circuit court, until the time has expired, wherein the appeal may be perfected. In the meantime, the supersedeas, staying the enforcement of the judgment to pay monthly alimony, the defendant is deprived of maintenance, and if upon appeal the judgment should be reversed, she would not receive any maintenance during the pendency of the action, which the statute provides that she may have. Of course, the plaintiff is at liberty to file the record in the clerk's office of this court, and thus perfect the defendant's appeal, but, as said in Napier v. Napier, 186 Ky. 560, the consideration of a motion, here, to allow maintenance would necessitate an examination of the entire record,

and this court would, in effect, be compelled to make such consideration of the record, as is necessary in finally deciding the case, twice, once upon the decision of the motion and again on final decision, and in the crowded condition of its docket, this court should not be required to try a case more than once, as it would be unjust to other litigants, who are anxious for one consideration of their cases, and one trial. If the plaintiff does not bring up the record, the defendant's appeal will be pending until the appeal is disposed if in the regular course of procedure. The plaintiff has entered a motion in this court to allow her maintenance pending the appeal, or to discharge the supersedeas. The judgment below is in the nature of permanent alimony, in that it was a final decision of the cause, and while in the case of Casebolt v. Casebolt, 170 Ky. 88, this court held that an order awarding custody of an infant child cannot be superseded, the judgment here is for the recovery of money, resting upon the equities of the case and a final adjudication of the right of alimony, and there is no apparent reason, why it cannot be superseded. No part of the record is filed here except the judgment and proceedings since its rendition, and which are filed, not in the way of perfecting the defendant's appeal, but, as a basis for the motion. Together with this, are the affidavits of the parties as to the necessity of the allowance of maintenance and defendant's ability to pay, which controvert each other.

This court has authority, where an appeal to it is pending, in an action concerning divorce and alimony to require the husband to pay such a sum in accordance with his ability, as is reasonably necessary to provide maintenance for the wife, pending the appeal, where the circuit court has for any reason failed or refused to make the wife an allowance for maintenance pending the appeal, and while it is not so held, as a hard and fast rule, this court has never made such an order unless the entire record of the action was before it. Napier v. Napier, *supra*; Kreiger v. Kreiger, 184 Ky. 812. The circuit court, being doubtless acquainted with the parties, and at least with all the facts and circumstances surrounding them is better able to justly deal with such a question, than this court is.

The circuit court is vested with authority to make an allowance for the maintenance of the wife during the pendency of an appeal to this court. Pemberton v. Pemberton, 169 Ky. 477, and authorities there cited. In the

instant case, while the circuit court is stayed by the appeal from its judgment and the execution of the supersedeas from making any order relative to that judgment and from enforcing of it (Napier v. Napier, *supra*), it had authority when the appeal was granted to make an allowance for maintenance, to continue while the appeal was pending, and it may yet do so, and such order cannot be superseded, though it may be appealed from. Such an order can only follow the granting of an appeal, where one is prayed, since there could not be an order made requiring the payment of maintenance while an appeal is pending, until an appeal has been asked and granted. Such an order made after an appeal has been granted does not in any way interfere with the judgment appealed from, but, is an allowance provided for by statute during the pendency of an action and to enable the wife to subsist and to defend or prosecute the action, until the rights of the parties can be determined. The plaintiff, however, did not make application to the court to order the payment of maintenance while the appeal is pending and undisposed of, but, she can yet do so, before the defendant has perfected his appeal by filing the record in the office of the clerk of this court and whatever else is necessary to perfect his appeal. When the appeal of the defendant is disposed of in this court, if the judgment should be affirmed, or the appeal dismissed, then whatever sum, the defendant may be required to pay the plaintiff in the way of maintenance during the pendency of the appeal, may be credited, upon the judgment for alimony appealed from and, if the circuit court should make an order for the payment of maintenance pending the appeal, such disposition should be provided for. Sheppard v. Sheppard, 161 Cal. 348.

The motion for an allowance for maintenance pending the appeal, or else a discharge of the supersdeeas, is therefore overruled.