## CARTER v. CARTER.

No. 27595.   Nov. 9, 1937.

Gerald Spencer, for plaintiff in error.

Ben Goff, for defendant in error.

BAYLESS, V. C. J. Susie Carter appeals to this court from the judgment of the district court of Grady county, Okla., and she complains only of the division of the property between her and W. G. Carter, her husband.

The parties were divorced about 15 years ago and the property owned by them was divided between them at that time. Thereafter, they remarried, and the present action was filed by the husband, and he was given the divorce; the wife does not complain of this.

Evidence was introduced as to the division of the property in the first divorce action. It appears that after the parties remarried no changes in the title to any of the property were made by which the effect of this division of the property was entirely changed. The evidence shows that the wife retained title to the largest, and probably most valuable, piece, which formerly had been set aside to her, and in this last action her title thereto was confirmed and the husband was ordered to transfer certain other property to her in addition to what she already owned. The evidence shows that the husband owned many parcels of city property, some of them improved and others were vacant lots. Those properties improved and capable of being rented were evidently in the poor section of the town, since the proven monthly rental therefor was very small. The children of the parties were grown and no longer depended upon them for support. The parties had been living apart for sometime, and each of them worked and provided their own maintenance.

Section 672, O. S. 1931, reads in part:

"As to such property, whether real or personal, as shall have been acquired by the parties jointly during their marriage, whether the title thereto be in either or both of said parties, the court shall make such division between the parties respectively as may appear just and reasonable, by a division of the property in kind, or by setting the same apart to one of the parties and requiring the other thereof to pay such sums as may be just and proper to effect a fair and just division thereof."

Therefore, irrespective of the fault of either party, such property owned by either of them as shall have been acquired through the joint efforts and industry during the marriage shall be divided between them in such parts as shall appear just and reasonable. We have construed the words "just and reasonable" to mean, or be equivalent to, an equitable division, Chamberlain v. Chamberlain, 121 Okla. 145, 247 P. 684. But we likewise have said that "equitable" does not mean equal to. Tobin v. Tobin, 89 Okla. 12, 213 P. 884.

In the brief which the wife has filed, the contention is made that the division was wholly inequitable. We have examined the record and do not agree with her. There are several parcels of this property, and the parties disagree so completely as to the value thereof that it would be almost impossible to make an equal division by parcels, or to arrive at an equal division upon the basis of value. Our conclusion is that the division made by the trial court is just and reasonable within the meaning of the statute and upon the facts of the record. The divorce action, and the relief granted thereunder, are equitable, and we are not justified in setting aside the judgment of the court in such an action unless it appears that such judgment is clearly against the weight of the evidence. Chamberlain v. Chamberlain, supra; Smith v. Smith, 169 Okla. 305, 36 P. (2d) 886; and Nelson v. Nelson, 175 Okla. 275, 52 P. (2d) 786.

The wife devotes the most of her brief to setting out the fault and misdeeds of the husband and only asserts that the division is inequitable in view of the husband's conduct. The statute above quoted contains provisions for the division of property of the party at fault, when the divorce is granted to the nonoffending party. This

obviously relates to a division of the property owned individually. It has no application to the quoted portion of the statute, supra, which relates to division of jointly acquired property. If the fault of either spouse may be taken into consideration in this aspect of the statute, it will not avail the wife in this action. In this action, the husband sued for the divorce. The wife cross-petitioned and set out the alleged fault and misdeeds of the husband. The court found for the husband and against the wife, and the wife did not appeal from such findings and judgment, consequently she is not entitled to advance this argument.

Judgment affirmed.

OSBORN, C. J., and PHELPS, CORN, and HURST, JJ., concur.