## REED v. REED.
No. 27709. March 1, 1938.

Yancey & Spillers and E. M. Calkin, for plaintiff in error.

John M. Goldesberry and Gerald B. Klein, for defendant in error.

DAVISON, J. The defendant in error commenced this action by filing his petition for divorce from the defendant, who is plaintiff in error, on the grounds of extreme cruelty and gross neglect of duty. The parties will hereinafter be designated as they appeared in the trial court.

The defendant filed an answer and cross-petition in which she denied all of the allegations of the plaintiff's petition and prayed for separate maintenance and support and an equitable division of the jointly acquired property on the grounds of extreme cruelty, gross neglect of duty, habitual drunkenness, abandonment and adultery. The defendant especially asked for custody of the minor daughter, and further prayed that the family home be set aside for the use and benefit of herself and said daughter and that she have judgment against the plaintiff for the sum of $25,000 as separate maintenance money for herself and said daughter, to be paid at the rate of $200 per month.

The trial court, after hearing the evidence, rendered a judgment in which the defendant was found guilty of extreme cruelty and gross neglect of duty, and the plaintiff was granted a decree of divorce on said grounds. In said judgment it was also found that the property which the parties had acquired during their marriage, besides the home and its furnishings, consisted of two old automobiles of little value and a law library in the plaintiff's law office. By the decree, title to all of this property with the exception of one of the automobiles and the law library was vested in the defendant. She was also given custody of the child and the plaintiff was ordered to pay the defendant's costs and attorney's fee together with the sum of $75 per month for the support of the daughter during her minority, and also required to pay the taxes and the balance of the indebtedness on the home.

From the judgment and order of the trial court overruling her motion for a new trial, the defendant has perfected this appeal predicated upon allegations to the effect that the judgment of the trial court is not supported by the evidence. She contends that the evidence does not support the trial court's finding that she was guilty of extreme cruelty and gross neglect of duty, but on the other hand that it does sustain all of the grounds of complaint alleged in her

cross-petition for separate maintenance and support, and that it further shows that she should have been granted at least the sum of $75 a month for her own support.

In addition to a denial of these allegations, the plaintiff contends that this appeal should be dismissed, but the latter is a matter that has already been disposed of by separate order of this court and will not again be considered herein.

We will first consider the defendant's second proposition, to wit: The judgment of the trial court granting the plaintiff a divorce is against the clear weight of the evidence and should therefore be set aside. The defense counsel recognized the rule that this court will not reverse the findings and judgment of the trial court if they are reasonably supported by the evidence, but they contend that the findings and judgment in the present case are against the clear weight of the evidence. With their argument concerning the evidence in this record, we cannot agree. The testimony is quite lengthy and is conflicting in many respects. For this reason, we shall not attempt to relate it in detail, but will simply show wherein, from our observations, the findings and decree of the trial court are reasonably supported by the evidence, and are not against the clear weight thereof. The extreme cruelty complained of in the plaintiff's petition was alleged to consist of the defendant's nagging, haranguing, and harassing the plaintiff and quarreling with him and her false accusations, both in private and in public, of his infidelity to her, to such an extent that as a result thereof he was compelled to leave his home, his health has been impaired, his business and income have been diminished, and the legitimate objects and purposes of their marriage have been destroyed. Obviously if such allegations are sustained by the evidence, there are sufficient grounds for a dissolution of the marriage under the rule either of Beach v. Beach, 4 Okla. 359. 46 P. 514, which the defense counsel cite, or the later cases which the plaintiff's counsel cite.

The evidence shows that the plaintiff and defendant have been separated for several years, and the testimony of the plaintiff, corroborated by his brother, tends to establish the defendant's jealousy and her accusations of the plaintiff's infidelity as the principal cause of the separation. The testimony of other witnesses and the defendant herself leaves little doubt that such accusations were made and followed up by investigation and conduct toward the friends and acquaintances of the plaintiff which at times approached violence and which, to say the least, would be humiliating to a spouse of ordinary gentility. The testimony of certain of the plaintiff's clients tends to prove that he actually lost business and income as a result of his wife's activities. The plaintiff's testimony that his health was becoming impaired at the time he left his wife is undisputed.

There is evidence of quarrels between parties in which some physical violence occurred, but it is difficult to determine from the record wherein lay the provocation or fault therefor. As to the defendant's allegation of habitual drunkenness, the evidence shows and the plaintiff admits that he has taken to drinking, but there is not sufficient evidence in the record concerning this to warrant us in saying that the trial court's finding is against the clear weight of the evidence.

As to the defendant's allegation of adultery, there is not sufficient circumstantial evidence in the record to meet the requirements of the rule followed in Chamberlin v. Chamberlin, 121 Okla. 145, 247 P. 684.

Though it is an undisputed fact that the plaintiff left the defendant and has not lived with her for more than a year, yet, in our opinion, the evidence is insufficient to prove him guilty of abandonment or gross neglect of duty. He has communicated with the defendant and has supplied her financial needs to some extent. He claims that he has contributed to the support of the defendant and their daughter to the best of his ability, and the undisputed evidence tends to support his claim. The defendant, herself, admits that he has left to her the use and occupancy of the family home, together with its furnishings and one of his automobiles, and that during the first year of their separation he contributed from $50 to $75 per month to her support, though these monthly contributions have gradually diminished to approximately $20 per month. On the other hand, the undisputed testimony also shows that the plaintiff was having financial difficulties during this period; that he was burdened with heavy indebtedness and that his income had become rather small. Among his financial obligations was a debt of $800 on his law library and an encumbrance on the home to the extent of $2,500 or $2,600 on which the monthly payments amounted to more than $20, together with taxes of approximately $175 per year on said property. The plaintiff's undisputed testimony is that his net income for the years since the separation

had not exceeded and does not now exceed $1,500 or $2,000 per year and that at the time of the trial his total indebtedness amounted to approximately $8,500.

In view of these facts and the further fact that the trial court's judgment listed all of the property of any certain or substantial value that the evidence shows the plaintiff owned and vested title to all of it, except his office equipment and one old car, in the defendant and ordered the plaintiff to pay the indebtedness and taxes thereon, we can find no justification for disturbing its decree. While this court has held that the cases in which alimony is allowed the wife are not limited to those in which she is granted the divorce (Pauly v. Pauly, 14 Okla. 1, 76 P. 148; Whitehorn v. Whitehorn, 178 Okla. 633, 64 P.2d 299), yet we are also aware of the rule that this is a matter within the sound discretion of the trial court. In this case, the defendant, of course, could hardly be heard to complain of the property division, since the trial court awarded her all of that which would be of any particular use or value to her, but she complains that there are certain items of expenditure necessary to her existence that the trial court seems to have overlooked and for which no provision was made in the decree. Counsel argue that the trial court is bound to consider her necessities and make adequate provision for them, but the very cases which they cite as authority for this contention also hold that it is the trial court's duty to consider the situation of both parties, including the husband's ability to pay. Considering the evidence concerning the latter element, it is not likely that the plaintiff's income exceeds $150 per month and there is no evidence of any prospect or probability of its increase. Of this amount, he must disburse more than $100 per month for the use and benefit of the defendant and the daughter in order to comply with the trial court's decree. From the facts concerning the plaintiff's ability to pay alimony, it would obviously be a vain thing to attempt to increase the financial burden with which he is already laden. While cognizant of this court's power to set aside a decree of the trial court and to make such award as the trial court should have made, yet this cannot be done unless it appears from the evidence that the trial court has abused its discretion in the matter, and from a review of the record before us, we cannot say that such an abuse has occurred in this case.

The decree and judgment of the trial court is, therefore, affirmed.

OSBORN, C. J., and PHELPS, CORN, and GIBSON, JJ., concur.