## FORRESTER v. FORRESTER.

No. 31017.  June 22, 1943.

Rehearing Denied Sept. 21, 1943.

*141 P. 2d 92.*

Bailey E. Bell, of Tulsa, for plaintiff in error.

Benjamin C. Conner and J. M. Winters, Jr., both of Tulsa, for defendant in error.

BAYLESS, J.  Maybell A. Forrester filed an action in the district court of Tulsa county against Clarence C. Forrester, seeking separate maintenance, for herself and children, and appeals from a judgment of that court granting him a divorce, on his cross-petition, and dividing the property of the parties.

She outlines five propositions to be discussed in her brief, which may be grouped and summarized thus: (1) She was entitled to a judgment for separate maintenance and he was not entitled to a judgment for divorce on the evidence in the record, and (2) she did not receive an equitable division of the property nor adequate allowance for child support.

He prefaces his answer brief with a motion to dismiss, but we do not deem it necessary to consider this motion in view of the conclusion we reach on the merits of the appeal.

We address our consideration first to the issue of what the evidence shows and the support it lends to the judgment rendered granting the divorce.

These parties had been married for about 20 years and had three children, one a grown daughter and two boys now about 15 and 12 years of age, respectively. The husband owned a small welding shop and was able to maintain his family in reasonably comfortable circumstances from the profits thereof. The parties owned their home, but there was a mortgage on it of about a thousand dollars. We gather from the evidence that the trouble began to develop between these people about four or five years prior to the filing of the action. The evidence tends to show that the husband was a socially inclined man who liked to be with his friends, male and female, and who, according to his evidence, drank moderately in a sociable way and, according to her evidence, drank immoderately, causing the wife mental anguish and humiliation and resulting in a quarrelsome disposition toward her and an abusive attitude toward their children. It is clear from the evidence that his wife bitterly resented his association with other women, and while she does not, in her evidence or brief, accuse him of adulterous conduct, his testimony and supporting evi-

dence indicates that she made such charges toward him prior to their separation. Her evidence clearly indicates, and his evidence does not materially contradict it, that he knew that his association with other women caused his wife's unhappiness, and it is abundantly clear from all the evidence that it created in her a quarrelsome, nagging, and harassing disposition toward him. She testified, and he did not contradict it, to remarks which he would make to her boasting of advances made to him by other women. It is difficult to reach any other conclusion than that his conduct engendered all the misery that fell to the lot of either.

At the conclusion of the testimony the trial court adopted the view expressed in Reed v. Reed, 182 Okla. 149, 77 P. 2d 30, that "the legitimate objects and purposes of the marriage have been destroyed," and granted the husband the divorce. It probably is idle to speculate on what the trial court would have done had each been seeking a divorce, but we are impressed with the view that the evidence on the part of the wife would clearly have supported a judgment of divorce in her favor had she been seeking one. But the trial court seems to have felt that since the rendition of judgment in her favor for separate maintenance would have left the parties in an unsatisfactory legal relationship, and as the husband was seeking a divorce, it would seem, therefore, this method of disposing of the difficulties of these parties was chosen.

The wife cites and relies on Morris v. Morris, 132 Okla. 291, 270 P. 833, and the cases cited therein, to support her argument that where the wife shows, as she had in this case, ample provocation for seeking separate maintenance, and the evidence of the husband in support of the plea for divorce falls short of the definition of extreme cruelty set out therein, it is erroneous to deny her the separate maintenance even though it be considered that the relationship of the parties has been strained to the extent shown. It was said in the Morris Case:

"The remedy of absolute divorce is an extraordinary remedy for evils which are unavoidable and unendurable which cannot be relieved by any proper and reasonable exertion of the parties . . ."

She testified that she was still willing to resume the marital relation with her husband and to try to make a home for the minor sons if he would give up his companionship with the types of people she objected to and would cease his drinking to excess. The husband on his part did not express views either way. He asserts that Reed v. Reed, supra, clearly supports the judgment in his favor.

After having considered the record and the authorities cited by each of the parties, and after making due allowances for the discretion vested in the trial court based upon his observations of the parties, we are of the opinion that the judgment of the trial court granting the husband the divorce must be sustained.

We now address ourselves to a consideration of the wife's complaint concerning the division of property and the allowances of money to her and for the support of the children. The evidence which was introduced on this point shows that the home was worth about $4,000 with a $1,000 mortgage on it. The home was given to the wife and the husband was directed to pay the mortgage. The wife was given a judgment for $3,500 in money payable in 70 months at $50 per month. This amounted to approximately $7,500 for her. In addition, she was given the furniture and fixtures in the home, on which no value was placed. The evidence showed that the husband's welding shop was valued at $3,150, the tools and equipment in it at $3,150, and the cash value of certain life insurance was $900, which made a total of $7,200. There was a mortgage on the welding shop of $900 which the husband had to pay. This property was given to him. We are of the opinion that this amounted to an equitable division of the property of the parties in view of the evidence in the record. We observe that these values

seem to be based upon estimates made by the husband, but if they are in any wise unfair to either of the parties, the wife did not undertake to so show. As stated above, the two boys are about 12 and 15 years of age at this time, and the court directed the husband to pay the wife $25 per month for each until each reaches his majority. The matter of providing for children of divorced parents rests in the continuing jurisdictions of the court and may be adjusted from time to time. After careful consideration of the argument in her brief and a study of the evidence which she introduced, we are of the opinion that the allowance made to the boys is adequate. We observe that one of the boys has a threatened physical infirmity, and if this condition necessitates further expenditures in his behalf or if the conditions change hereafter, as to both, the trial court has adequate power to deal with the situation. Under the circumstances, we find no merit in the wife's complaint respecting the division of property or the present allowances for the support of the children.

The judgment is affirmed.

CORN, C.J., GIBSON, V.C.J., and OSBORN, WELCH, HURST, and ARNOLD, JJ., concur. RILEY and DAVISON, JJ., absent.