BOWLES et al. v. McCARTY et al.

No. 31683. March 20, 1945.

*157 P. 2d 179.*

D. N. Tillotson, of Nowata, and C. B. Memminger, of Atoka, for plaintiffs in error.

T. H. Williams, Jr., U. S. Probate Attorney, and Warren H. Smartt, Asst. U. S. Probate Attorney, both of Durant, for defendants in error.

CORN, J. This action was brought by Christine McCarty, formerly James, and Lucy James to determine the heirs of Joseph James, deceased, a restricted Chickasaw Indian, and to quiet title in and to a portion of the allotment of said decedent, to wit: N½ SW¼, NW¼ NW¼ SE¼ Section 25, Twp. 1 South, Range 8 East, Coal County, Oklahoma.

The evidence shows that Lucy James was married to Carl Miller, in Mena, Ark., in 1915, when she was 14 years of age, that she lived with him for about four weeks. In 1917, without securing a divorce from Miller, she married Joseph James; of this marriage two children were born, one died in infancy and the plaintiff Christine McCarty James is the other child; that she obtained a divorce in 1920 from Carl Miller and continued to live with Joseph James until about 1926 and at that time left with another man, Orville or Arvil Owensby.

Joseph James joined the army in 1926 and his enlistment application stated he was a single man, re-enlisted various times and was stationed at various places in Texas and Wyoming. On April 7, 1938, he married the defendant Corine Bowles in Old Mexico and they resided in San Antonio, Tex., until his death in 1941, and she is now receiving a

pension from the government as his widow.

A part of the trial court's findings contained in the judgment is as follows:

"The Court further finds that Christine James, now McCarty was the daughter of Joseph James and of Lucy James; that said Lucy James was not under any legal disability, preventing the consummation of a common-law marriage, and the Court finds that said Lucy James was the common-law wife of said Joseph James, upon the date of his death.

"The Court further finds that said Lucy James is estopped, barred and precluded from inheriting as an heir at law any portion of the estate of Joseph James, because of a continuing illegal association for a period of more than five years prior to the death of Joseph James, which would have constituted a marriage had she not been the common-law wife of Joseph James, and the mother of his child, and that such an association existed at the time of the death of Joseph James.

"The court further finds that the defendant, Corine Bowles, also known as Corine James, is not an heir at law of the said Joseph James, deceased, for the reason that said Joseph James having an undivorced living spouse, to wit; the said Lucy James, was incapable of entering into a legal marriage relationship with the said Corine Bowles."

The court then found and held that Christine James, now McCarty, was the only surviving heir of said Joseph James, and that the title to said property descended to and became invested in her exclusively. Lucy James did not appeal from said judgment against her. While she was a coplaintiff with Christine James, no issues were made in the pleadings as to any adverse claims between her and her daughter, and we intimate no opinion as to the validity of the judgment between them.

It is admitted that Lucy James was under a legal disability to consummate a marriage with the said Joseph James on the 17th day of July, 1917, having a living, undivorced spouse upon that date; however, the said Joseph James and Lucy James, after obtaining the marriage license and consummating said marriage, organized their home, held themselves out in their community as husband and wife, and the said Lucy James bore him two children, one of whom died in infancy. Thus the association was not meretricious in inception, but matrimonial in act, deed, mind, and intention. To show the good faith, honest intentions and proper purpose of said parties, after the removal of the disability, the obtaining of the divorce by Lucy James from Carl Miller on November 19, 1920, they continued to live, reside, cohabit, and hold themselves out as husband and wife until their separation some five years later.

In the syllabus of In re Webster's Estate, Webster et al. v. Webster et al., 114 Okla. 57, 242 P. 555, we held:

"When parties in good faith comply with the forms of law which would give rise to their marriage, but for one being under a disability, the law infers that the matrimonial consent was interchanged between them as soon as the disability is removed, and stamps their relation with the status of a valid marriage."

And in the body of the opinion we said:

"Bishop, in his well-known work on Marriage, Divorce and Separation, announces the same propositions as a general rule, and in general language as follows:

" 'If the parties desire marriage, and do what they can to render their union matrimonial, although one is under a disability, their cohabitation, thus matrimonially meant, will in matter of law make them husband and wife, from the moment when the disability is removed.' 1 Bishop, Marriage, Divorce and Separation, secs. 970, 975, 976; Teter v. Teter, 101 Ind. 129; Poole v. People, 24 Colo. 510, 52 P. 1025.

"In the last cited case the Supreme Court of Colorado said:

" 'Where a man and woman who were regularly married while one of them was under a disability to marry, nevertheless lived together as husband and

wife, after the disability is removed, it makes them husband and wife, as effectively as though the relation had first been legally assumed'."

This court, in the case of In re Dearborn's Estate, McCreath v. Dearborn, 151 Okla. 58, 2 P. 2d 93, cited with approval the above Webster Case, syllabus 2 thereof being as follows:

"Where parties in good faith comply with the forms of law which would give rise to their marriage, but for one party being under disability, the law infers that the matrimonial consent was interchanged between them as soon as the disability is removed, and stamps their continued relation thereafter as husband and wife with the status of a valid marriage."

We have upheld the above to be the governing rule in cases of this character in Mudd et al. v. Perry, 108 Okla. 168, 235 P. 479; Stuart, Gd'n, v. Schoonover et al., 104 Okla. 28, 229 P. 812; Madison v. Steckleberg, Adm'r, et al., 101 Okla. 237, 224 P. 961.

Judgment affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, and ARNOLD, JJ., concur.