## SMYTH v. SMYTH.

No. 33430. July 19, 1949.
Rehearing Denied Sept. 13, 1949.

*209 P. 2d 709.*

G. C. Spillers and G. C. Spillers, Jr., both of Tulsa, for plaintiff in error.

Biddison & Rheam, of Tulsa, for defendant in error.

O'NEAL, J. This is an appeal from a final order of the district court of Tulsa county in a proceeding on citation for contempt against plaintiff in error for alleged failure to pay alimony awarded defendant in error in a decree of divorce.

On July 7, 1944, Ruth Smyth, herein referred to as plaintiff, commenced this action against plaintiff in error, herein referred to as defendant, wherein she sought a divorce, alimony and division of property. At that time the parties had jointly acquired property, found by the court in the divorce proceeding to be of the value of $8,569.49.

At the time the action for divorce was filed there was pending in the county court of Tulsa county probate proceedings on the estate of Ella D. Smyth, deceased, who was the mother of defendant, Meredyth J. Smyth.

The estate of Ella D. Smyth was of the value of approximately $27,811.70, consisting of money and other personal property of the value of $3,710.70, and real estate found to be of the value of $24,101.70.

Defendant, Meredyth J. Smyth, is the only heir-at-law of the said Ella D. Smyth, deceased. Trial in the divorce proceeding was on or about January 17, 1945. At that time the probate proceedings in the estate of Ella D. Smyth, deceased, had not been closed, but had progressed to that stage where notice to creditors had been given and time had expired for filing claims against the estate and none had been filed.

There was no contest on the issue of divorce. The trial court found the evidence sufficient to establish grounds for divorce.

In dividing the jointly acquired property, the trial court awarded plaintiff the sum of $500 in cash, an automobile valued at $600, and all jointly acquired household goods, other than certain specified items given to defendant. The court allowed permanent alimony to the plaintiff of $18,500 to be paid out of property which defendant had inherited from his mother. The decree recited that the defendant was the sole heir-at-law of Ella D. Smyth, deceased, vested of certain described real property, subject to the jurisdiction and control in the administration of said estate by the county court. The decree awarded and set over to plaintiff three specifically described tracts or parcels of real property inherited by defendant from his mother. One of these tracts was the premises occupied and used by plaintiff as a home. The trial court also awarded plaintiff attorneys' fees in the total sum of $800, of which $150 had been paid.

Defendant appealed to this court from the decree dividing the jointly

acquired property and awarding permanent alimony and the $800 attorneys' fees.

It appears that pending said appeal, plaintiff applied to this court for temporary alimony, or support money, in the sum of $100 per month and $50 per month for the support of a minor child during her minority, which was for a period of about one year, and the further sum of $500 temporary allowance for attorneys' fees.

June 19, 1945, this court entered the following order in said cause:

"The plaintiff in error is directed to pay to the court clerk of Tulsa County for the benefit of defendant in error the sum of $100.00 as temporary alimony and the sum of $50.00 for support and maintenance of the minor daughter, said payment to be made within 10 days from the date of this order; and a like payment monthly thereafter pending further order of this Court. It is further ordered that within 10 days from this date the plaintiff in error pay to the court clerk of Tulsa County for the benefit of the attorneys for defendant in error the sum of $500.00; these payments to be made without prejudice to a final determination of all alimony and attorneys' fees in the cause."

Defendant complied with said order and paid in the sum of $500; he also paid the $50 per month as support and maintenance of the minor daughter during her minority and also paid $100 per month temporary alimony during the time the cause was pending on appeal in this court, which was about 28 months; in fact, he made a payment of $100 after the decision of this court became final.

About December, 1945, plaintiff filed another motion for the allowance of the sum of $41.40 with which to pay costs of printing her briefs and "for a reasonable allowance of attorneys' fees to her attorneys upon final determination of this appeal."

April 23, 1947, this court rendered its decision in said appeal and therein modified the decree of the district court by striking from the award of alimony the second item of property valued at $3,500, said item being:

"The W. 75 ft. of Lots 5 and the W. 75 ft. of the South 50 ft. of Lot 6 in Block 153 of the original town of Tulsa, now the city of Tulsa, Tulsa County, Oklahoma, value (over and above an existing mortgage of $1500.00) $3500.00."

In all other respects the decree of the trial court, including the item of $800 attorneys' fees, was affirmed.

With reference to additional allowance for attorneys' fees, this court said:

"However, plaintiff's attorneys have requested an additional allowance for services in this court on appeal, and have filed a motion to this effect. We are of the opinion they have been adequately compensated by the fee awarded in the trial court. For this reason the request for allowance of an additional fee on appeal is denied." Smyth v. Smyth, 198 Okla. 478, 179 P. 2d 920.

May 9, 1947, this court issued its mandate in said cause directed to the Honorable Judge of the district court of Tulsa county.

On May 28, 1947, after said mandate had been spread of record in the district court of Tulsa county, plaintiff filed in said cause an application for citation against defendant wherein, among other things, she set forth the provisions of the decree of January 17, 1945, wherein defendant was adjudged to pay plaintiff $500 cash and the further sum of $650 attorneys' fees and then alleged that defendant had refused to pay said sums, or any part thereof. Citation was issued the same day wherein defendant was cited to appear before the district court June 3, 1947, and show cause why he should not be punished for contempt. Said citation was not served and thereafter supplemental application for citation was filed and a new citation was issued June 6, 1947. Defendant by response and amended response alleged:

"Defendant admits that he is indebted to attorneys for the plaintiff in

the sum of $150.00, which he now tenders and offers to pay.

"Wherefore, having answered fully defendant prays that the citation be denied and dismissed at the cost of the plaintiff."

By way of "cross-petition and set-off", defendant further alleged in substance that since the date of said decree he had paid defendant under the terms of said decree the sum of $2,900; that he had collected in rents from that part of the property finally decreed to plaintiff a sum of $_____; and that the payments he had made to plaintiff totaling $2,900 should be set off against or applied as a credit on the amount he had collected as rents from said property. Thereafter, plaintiff filed what was denominated a "supplemental petition and reply." Therein she alleged in substance that by the original decree, as modified by the Supreme Court on appeal, defendant was ordered to convey to plaintiff the two tracts or parcels of land finally awarded to her as alimony and that demand had been made for such conveyance, but that defendant had failed and refused to make the same. She further alleged that defendant owes on the attorneys' fees the sum of $650, and specifically denied that the $2,900 defendant paid to her was paid under the terms of said original decree, but was paid as temporary alimony, or support money, pendente lite, pursuant to the order of this court, and that the only attorneys' fees paid by defendant was the sum of $150 paid at the start of said proceedings, and the sum of $500 paid pursuant to the order of the Supreme Court. In short, plaintiff contends that defendant still owes the sum of $650 attorneys' fees and $500 decreed to her in cash (less $100 credit which she is willing to allow defendant for the $100 temporary alimony paid after the decision of the Supreme Court became final). That defendant is further liable to plaintiff for the net proceeds of the rent received by defendant from the one tract of land awarded to her.

Upon full hearing of the citation and the further pleadings, the trial court found, and held, that defendant was not actually, or willfully, disobeying the order and judgment of the court, and that said defendant was not, therefore, in contempt of the court. The trial court found and held that there remained due from defendant a balance on the attorneys' fees of $650 and that the $500 paid by defendant on attorneys' fees was for service rendered in the Supreme Court.

The court further found that defendant had never paid any part of the $500 cash award, as provided in the decree, except the sum of $100 admitted by both parties as a credit thereon; and that defendant owes the balance thereon of $400, with interest at the rate of 6 per cent from January 17, 1945.

The trial court further found that since the rendition of the judgment, defendant has paid to plaintfif, in pursuance of the order of the district court and the Supreme Court, the sum of $2,900 temporary alimony, $100 of which should be credited on the $500 judgment, but no credit should be given defendant on the judgment for the remaining $2,800; the court further found that defendant had, since January 17, 1945, collected rents and profits from property awarded plaintiff in excess of the actual necessary expenses in the sum of $2,256.27.

Altogether, the trial court found that defendant still owes plaintiff the sum of $650 attorneys' fees, $400 balance due on the $500 cash alimony and $2,-256.27 for rents collected from premises decreed to plaintiff, and for the possession of said real estate decreed to plaintiff upon which defendant had been collecting rents, for all of which judgment was rendered by the trial court. From that judgment defendant appeals. Defendant first contends that this court definitely fixed the fees to be allowed counsel for plaintiff as that fixed by the trial court in the original

decree in the sum of $800; that there has been paid thereon the sum of $650, leaving a balance of $150 and no more. In this contention there is merit. The trial court in the original decree ordered and directed that the plaintiff have and recover from the defendant the reasonable attorneys' fees in the total sum of $800, of which award $150 had been paid to plaintiff, pursuant to allowance and order of the court.

After appeal to this court was perfected, counsel for plaintiff filed a motion for temporary alimony and attorneys' fees wherein they recited the order and decree of the trial court, and said:

"That said allowance of attorneys fees has been superseded and that she has paid her attorneys no moneys for their services in the case except the said $150.00, having been without means to do so; that the case-made comprises 248 pages and the cause involves a very substantial amount, and that it is necessary that she have attorneys to represent her in this appeal."

This court then entered the order above quoted, allowing plaintiff $100 per month temporary alimony, the sum of $50 per month for the support and maintenance of the minor daughter, and:

"It is further ordered that within 10 days from this date the plaintiff in error pay to the court clerk of Tulsa County for the benefit of the attorneys for defendant in error the sum of $500,-00; these payments to be made without prejudice to a final determination of all alimony and attorneys' fees in the cause."

Plaintiff contends that these payments were ordered made separate and apart from and in addition to the attorneys' fees fixed by the trial court, and that the $500 therein ordered paid was for services rendered, or to be rendered, in this court. But attention is called to that part of the order which reads:

". . . these payments to be made without prejudice to a final determina-tion of all alimony and attorneys' fees in the cause."

This court in its opinion fully considered the question of alimony and affirmed the trial court in all items thereof except the one which dealt with the specific tract or parcel of land. This court also considered the question of attorneys' fees and finally said:

"Plaintiff's attorneys have requested an additional allowance for services in this court on appeal and have filed a motion to that effect. We are of the opinion that they have been adequately compensated by the fee awarded in the trial court. For this reason the request for allowance of additional fee on appeal is denied."

That order clearly means that the $800 awarded by the trial court was ample to compensate plaintiff's counsel and that was all defendant was required to pay as and for attorneys' fees.

Defendant next asserts that the net rent collected by him on one tract or parcel of real estate awarded to plaintiff was in the sum of $2,153.52. The trial court found it to be $2,256.27. Defendant contends that said sum has been fully paid, and overpaid, by the monthly payments of $100 made to plaintiff under the order of this court for temporary alimony, and that he should have credit therefor, not only on the rents collected but on the balance due on the $500 cash award of alimony. The authorities are not in harmony on the question. In 27 C.J.S. page 910, it is said:

"A husband who has been compelled to pay temporary alimony cannot recover the amount paid or have such amount set off against any claim of the wife, merely because the wife's suit has failed, or because the order was improperly made. Neither modification, nor vacation of the order entitles the husband to recover amounts previously paid thereunder, or to have such amounts credited on a judgment for permanent alimony."

But it also said:

"Temporary alimony paid pending appeal is deductible as a pro tanto pay-

ment on the permanent alimony awarded."

Mercer v. Mercer, 19 Colo. App. 51, 73 P. 662, is a case where the wife was awarded $500 permanent alimony and on appeal the court made an order for temporary alimony pending appeal upon which there was paid $250. Thereafter the court dismissed the appeal for want of jurisdiction to review the decree. Thereupon, on motion of defendant, the order for payment of temporary alimony was vacated. The appellant then filed a motion to direct the trial court to apply the $250 paid as a credit on the $500 permanent alimony. The motion was denied. Thereafter, defendant commenced an action in the county court to recover the $250 so paid and to have the same credited on the $500 permanent alimony. Judgment was entered therefor in the county court. On appeal from that judgment the same was reversed and it was held:

". . . that the order vacating the judgment for alimony did not constitute a reversal thereof, so as to entitled the husband to recover the amount paid, or have the same credited on the judgment for permanent alimony."

In White v. White, 179 N. C. 592, 103 S.E. 216, it is said:

"Alimony is an allowance for the support of the wife, and the amount may be increased or reduced, for cause, from time to time. But it is never ordered to be paid back, as is sought in this case."

Falk v. Falk, 48 Cal. A. 2d 780, 120 P. 2d 724, is a case where in a divorce proceeding the wife was awarded one-half of the community property. Both parties appealed. Pending the appeal there was an order entered allowing the wife temporary alimony at $200 per month. From that order defendant also appealed and one of the grounds for appeal was that the order failed to provide that payments made thereunder be credited on any final judgment for alimony. In the opinion the court said:

"The statutory right to necessary alimony pendente lite is separate and distinct from an award of permanent alimony or maintenance which may be awarded under proper circumstances. The fact that the wife was awarded one-half of the community property furnishes no reason why she may not also be entitled to alimony pendente lite, particularly when the custody and control of the entire community property is retained by the husband."

With reference to the allowance of temporary alimony pendente lite, the court said:

"In deciding whether such an allowance should be made, the court is authorized to take into consideration the facts and circumstances of the respective spouses; the property which they possess; their earning ability and their needs. The wife is entitled to be maintained, during the time the litigation is in progress, in substantially the same manner and condition she was accustomed to live and in her station of life."

The reason for the rules stated is apparent. In the instant case, plaintiff was granted a decree of divorce and certain alimony. Her right to a decree of divorce was not contested. But defendant, being dissatisfied with the amount of alimony, appealed to this court, whereby the decree was prevented from becoming final for a period of about 28 months. Thereby defendant, in effect, compelled the plaintiff to remain his wife during that period. It was defendant's duty to support and maintain the plaintiff during the period of litigation in substantially the same manner and condition she was accustomed to live and in her station of life.

At the time the decree was entered it was shown that defendant was employed and earning about $225 per month; in addition, defendant was collecting the rents from the two tracts of land awarded plaintiff in the original decree. It was finally determined that defendant was entitled to one of these tracts. What the net income from that particular tract was does not appear, but whatever it was it was income in addition to the $225 per month which the defendant was earning. Under the circumstances, $100 per month was not

an unreasonable amount to allow for temporary alimony.

It is apparent, the defendant admits, that he owes $150 on the attorneys' fees and is willing to pay the same. It is also apparent, and we hold, that he still owes $400 on the cash award of permanent alimony, together with interest thereon, as found by the trial court, and at the date of the judgment below, defendant owed plaintiff the further sum of $2,256.27 for rent received by defendant from the tract or parcel of land awarded to her as alimony, other than the tract upon which she resides, and defendant is not entitled to a credit or offset for any part of the $2,900 he paid plaintiff, except the $100 paid after the decision of this court became final and which the court allowed him.

The judgment of the trial court is modified so as to disallow the claim of $500 as attorneys' fees and, as so modified, the judgment is affirmed.

Plaintiff has filed herein a motion for judgment against Continental Casualty Company, surety on the appeal bond of defendant, Meredyth J. Smyth.

It appears from the case-made that, on July 30, 1947, there was filed with, and approved by, the court clerk of Tulsa county a supersedeas bond in the above cause in the penal sum of $3,500, executed by Meredyth J. Smyth, as principal and Continental Casualty Company, as surety, conditioned, among other things, that said principal, Meredyth J. Smyth, should pay the condemnation money, including accrued and accruing interest on the money judgment of January 17, 1945, in favor of the plaintiff in this cause for $650 attorneys' fees (without interest) and $400 division of property and the judgment in this cause of July 15, 1947, in favor of plaintiff for $2,256.27, and interest, in case said judgment or final orders should be affirmed in whole, or in part, or if the same be modified or affirmed by the Supreme Court, and it appearing that this court has modified said judgment and order as to attorneys' fees by reducing the amount due on same from $650 to $150, and affirmed said judgment and final order in all other respects, and it further appearing that plaintiff is entitled to judgment against said surety, Continental Casualty Company, as prayed for.

It is, therefore, considered, ordered and adjudged by this court that plaintiff have and recover judgment against said principal, Meredyth J. Smyth, and Continental Casualty Company, surety on said supersedeas bond, in the sum of $150 attorneys' fees (without interest) and the further sum of $400 balance due on the division of property decree with interest thereon at the rate of 6 per cent per annum from January 17, 1945, until paid, and judgment in the further sum of $2,256.27, with interest thereon at the rate of 6 per cent per annum from January 15, 1947, until paid, and for all costs in the trial court and in this court, for which let execution issue out of the district court of Tulsa county.

DAVISON, C. J., and CORN, LUTTRELL, HALLEY, and JOHNSON, JJ., concur. ARNOLD, V.C.J., and WELCH and GIBSON, JJ., dissent.