## SCOTT v. SCOTT.

No. 33610. May 2, 1950.

*218 P. 2d 373.*

John J. Carney, of Oklahoma City, for plaintiff in error.

E. William Brown, of Oklahoma City, for defendant in error.

HALLEY, J. The defendant in error, plaintiff below, and the plaintiff in error, defendant below, who will be referred to as they appeared in the trial court, were married at Norman, Oklahoma, on June 13, 1935, in a ceremonial marriage, and lived together as man and wife until on or about September 7, 1947. During their marriage they accumulated furniture and a home (subject to a mortgage for $3,000) located in Oklahoma City, and some cash and an automobile.

The evidence showed that both plaintiff and defendant worked during their married life and contributed to the purchase of the property accumulated. The evidence further showed that the plaintiff was in poor health, and had been for several years. The evidence showed that both plaintiff and defendant had entered into their marriage in good faith; however, that the plaintiff had been previously married to a man by the name of Lenor Willgrube, and of that marriage one child had been born, who was a semi-invalid and lived with the parties. The evidence further showed that the plaintiff had never obtained a divorce from her former husband. She did file a petition for divorce, and notice by publication was issued, and affidavit of mailing and registered letter returned, and a publisher's affidavit was filed, but there was no record of a judgment or order of the district court granting the divorce.

The trial court made a division of the property, giving the wife the real estate, subject to mortgage, the furniture in the house, and fixed alimony in the sum of $1,000, payable at $100 per month for ten months. The defendant was awarded the Ford automobile and $400 in cash. The defendant appealed from the court's judgment and gave supersedeas bond, and while the case was still pending in the district court and before the appeal to the Supreme Court, and before the motion for new trial had been passed on, the plaintiff filed a motion to be allowed alimony pendente lite, which the court granted, and required the defendant to pay the plaintiff $100 per month during the pendency of the action. The defendant made some payments on this alimony pendente lite, but has failed to pay the same since the case was appealed to the Supreme Court; and the plaintiff has filed a motion to dismiss in this court.

Inasmuch as the defendant relies primarily on the proposition that the plaintiff was not legally competent to enter into a marriage with the defendant, and that the trial court was without authority, for that reason, to make such an order as it had entered as final judgment in the case, we will dispose of the case on its merits rather than on the motion to dismiss the appeal.

The defendant admitted that he and the plaintiff were united in marriage by a duly performed ceremony, and that they lived together as man and wife for more than twelve years, and that at the time he entered into said marriage he did so in good faith; but he is now attacking the validity of that marriage. The law is very well settled in this jurisdiction that the burden of proof is upon the person who attacks the validity of a second marriage to show that neither party to the first marriage obtained a divorce, though this involves the proving of a negative. Hale v. Hale, 40 Okla. 101, 135 P. 1143; Chancery v. Whinery, 47 Okla. 272, 147 P. 1036; Lewis v. Lewis, 60 Okla. 60, 158 P. 368; Jones v. Jones, 63 Okla. 208, 164 P. 463; Cox v. Cox, 95 Okla. 14, 217 P. 493, 34 A.L.R. 432; Templeton v. Jones, 127 Okla. 1, 259 P. 543; Sam v. Sam, 172 Okla. 342, 45 P. 2d 462. Certainly the defendant did not meet the burden that was upon him in this case to show that Lenor Willgrube did not himself obtain a divorce.

In addition, however, the trial court found that Lenor Willgrube was presumed to be dead after the expiration of seven years from the filing of the divorce suit by the plaintiff, and that the parties, having continued to live together after the seven-year period, were assumed to have exchanged matrimonial consent as soon as the disability was removed, and that their relation was stamped with the status of a valid marriage. It was so held in Re Cully's Estate, 189 Okla. 419, 117 P. 2d 126. It was also held in Bowles v. McCarty, 195 Okla. 252, 157 P. 179, that where the parties comply in good faith with the forms at law which would give rise to their marriage but for one of them being under disability, as in this case, with the plaintiff having what is supposed to be a living undivorced hus-

band, the law infers that the matrimonial consent was exchanged between them upon the removal of the legal disability, as by the granting of a divorce, and stamps their continued relation with the status of a valid marriage. We say that such inference will be made where more than seven years has elapsed and the first husband has not been heard from. So, in our opinion, the marriage between plaintiff and defendant is a valid marriage, and the defendant has wholly failed to maintain his attack upon the said marriage.

We come, then, to the question of whether or not a trial court has a right to make an order for temporary alimony during the pendency of the appeal. Oklahoma has not squarely passed upon that proposition. The Supreme Court has the right to make such an order after the appeal is filed here. Hansing v. Hansing, 76 Okla. 34, 183 P. 978; Spradling v. Spradling, 74 Okla. 276, 181 P. 148. In our opinion, there is no sound reason, as long as the case has not been appealed to the Supreme Court, why the trial court cannot make an order for alimony pendente lite in such sum as will be reasonable under the circumstances. We call attention to the statement in 27 C. J. S., Divorce, §203(2), which is as follows:

"Pending Appeal. — In general, the trial court has jurisdiction to make allowances pending an appeal, and in some jurisdictions it is held that only the trial court may make such allowances, while in others the appellate court may do so."

Clearly, we have settled the proposition that we have the right, when a case is appealed to this court, to allow alimony while the case is pending on appeal; and certainly, after studying the cases cited in the note to the above reference in C. J. S., we are of the opinion that as long as the case is pending in the trial court it has the right to fix alimony pendente lite, for the reason that the case might pend in the trial court on motion for new trial,

as was done in this case, for several weeks, and then the full limit could be taken on the filing of the appeal, and the plaintiff could have been without funds for a period of four to six months. In this case a period of four months elapsed from the time of the entry of the decree until the case was filed in this court, and the plaintiff was entitled to be supported by the defendant during that time.

Another question presents itself, and that is, whether or not the defendant shall receive credit on the judgment of permanent alimony for the payments that he made on order for temporary alimony pending the outcome of the appeal. The plaintiff received under the final judgment, in addition to the real property and household furniture, $1,000 alimony, to be paid at the rate of $100 per month beginning January 1, 1948, until paid. The defendant superseded this part of the judgment by giving a bond in the amount of $2,500. The plaintiff did not appeal from the judgment in any particular.

The syllabus in Smyth v. Smyth, 201 Okla. 694, 209 P. 2d 709, says that payments on temporary alimony cannot be credited on the judgment for permanent alimony. In this respect it is too broad. It was not necessary to make such a statement in that case, as there the temporary alimony was allowed by the appellate court, and in finally determining the equities in that case the allowance for temporary alimony was considered by us. It is a matter for this court to determine whether or not such credit shall be allowed on permanent alimony for payments made on temporary alimony. Smyth v. Smyth, supra, insofar as it conflicts with our decision here, is overruled.

The defendant claims that too large a share of the accumulated property was given to the plaintiff. It is well settled in this state that in determining what part of the property jointly acquired during the marriage shall be

given to each spouse, the trial court has wide latitude. Clark v. Clark, 177 Okla. 542, 61 P. 2d 28. Also, the equitable division by the court of the jointly-accumulated property of the parties does not necessarily mean equal division. Hughes v. Hughes, 177 Okla. 614, 61 P. 2d 556.

We have examined the evidence in this case, and we cannot say that the trial court's division of the jointly-acquired property between the parties was not just and reasonably, within the meaning of the statute and upon the facts of the record. Carter v. Carter, 181 Okla. 204, 73 P. 2d 404. In our opinion, the amount of alimony allowed in this case was very reasonable in the light of the evidence and considering the situation of both parties— the earning capacity of the husband and the physical condition of the wife. Reed v. Reed, 182 Okla. 149, 77 P. 2d 30; Smyth v. Smyth, 198 Okla. 478, 179 P. 2d 920. In this case, the defendant earns approximately $350 a month, and certainly an allowance of alimony in the sum of $100 a month for ten months is not excessive.

The judgment of the trial court is affirmed, and the temporary alimony payments shall continue until the judgment in this case shall become final; but the judgment for permanent alimony shall be deemed satisfied when the payments for temporary alimony have all been made.

DAVISON, C. J., ARNOLD, V. C. J., and WELCH, CORN, GIBSON, and JOHNSON, JJ., concur. LUTTRELL, J., dissents. O'NEAL, J., concurs in part and dissents in part.

O'NEAL, J. (dissenting). I concur in the majority opinion herein insofar as it affirms the decree of the trial court in granting defendant in error a divorce. There is abundant evidence to support the divorce decree as being at the fault of the defendant. I also concur insofar as the opinion holds that the trial court's division of the jointly-acquired property was reasonable and also concur insofar as the opinion holds that the alimony allowed by the trial court was reasonable. If anything other than that allowed by the trial court, I think it was too small. I also concur in holding that where the wife has been granted a divorce at the fault of the husband and the court awarded the plaintiff permanent alimony and the husband files notice of appeal to the Supreme Court, the trial court has power to allow alimony pendente lite at any time before the petition in error and case-made are filed in the Supreme Court. I think the amount of alimony pendente lite allowed by the trial court in the instant case was reasonable. I do not agree, however, that disallowance of alimony pendente lite might leave the wife without remedy for a period of six months after motion for new trial is overruled. I think the period would be four months from the date of the decree, since 12 O. S. 1941 §1280 provides that in divorce actions proceeding for reversal or modification of the decree must be commenced within four months from the date of the decree, and not later. But I cannot agree with the majority opinion wherein it holds that the alimony pendente lite allowed by the trial court may on appeal be credited by this court, or ordered credited by the trial court, on the award for permanent alimony where this court has upheld the trial court as to the amount of permanent alimony. Neither do I agree with that part of the majority opinion which holds that the syllabus in Smyth v. Smyth, 201 Okla. 694, 209 P. 2d 709, is too broad, and that it was not necessary to make such statement. The question was there properly presented. The opinion states and the record showed that the defendant in that case was contending that the amount collected by him from the property awarded the plaintiff had been fully paid by the monthly payment of $100 a month made to plaintiff under the order of the court for temporary alimony, and that he should have credit therefor, not

only on the rent collected, but also on the balance due on the $500 award of permanent alimony. Therefore, the question was squarely before this court whether payments made as and for temporary alimony could or should be credited on unpaid amount for permanent alimony. It was therefore necessary for this court to pass upon the question of whether periodic payments made under an award for alimony pendente lite could be applied upon other claims of the wife against a husband, or have such amounts credited upon the judgment for permanent alimony. Furthermore, I doubt whether the question is properly before this court in the instant case of Scott v. Scott. The majority opinion says the question presents itself. Certainly it is not presented or even raised in the petition in error of the plaintiff in error, nor in his briefs. If it was unnecessary to say anything about the question in either case, it should be the instant case. I contend that the rule is properly stated in Smyth v. Smyth, supra, and that there is nothing therein that should be overruled. There is but one paragraph in the syllabus by the court in the Smyth case. It holds that alimony pendente lite is separate and distinct from an award for permanent alimony. Authorities are cited in support of that statement and no authorities to the contrary were cited by defendant in the Smyth case, and none are cited in majority opinion in the instant case.

The syllabus in the Smyth v. Smyth case, supra, further holds that a husband who has been required to pay alimony pendente lite cannot recover the amount paid nor have the same set off against any claim of the wife, nor have such amounts credited on judgment for permanent alimony. Authority therefor is cited in 27 C.J.S., Divorce, paragraph 215, page 910. The text is supported by citations of three cases from New York, one from North Carolina, one from Pennsylvania, one from South Dakota, one from Tennessee, and one from Colorado.

In Kentucky, Heskamp v. Heskamp, 195 Ky. 618, 242 S. W. 857, and in Bauman v. Bauman (N. Y.) 204 N. Y. S. 265, 209 App. Div. 238, it was held that temporary alimony paid pending appeal is deductible pro tanto on the permanent alimony award. But in those states permanent alimony is not required to be fixed at a definite sum, nor is the number of monthly payments definitely fixed.

Bickle v. Bickle, 196 Minn. 392, 265 N. W. 276, is a case where permanent alimony in the sum of approximately $17,000 was made payable within 30 days after the date of the decree with a further provision that in case it was not so paid, then the same was to draw interest from 30 days after the date of the decree. It was there in effect held that the provision for interest was in lieu of or a substitution for support money pendente lite and that payments of alimony pendente lite under an order made therefor would be treated pro tanto as payments on the interest, and that to require payment of both would, in effect, be double payment of support money pendente lite, and therefore payments made under the order of the court should be credited as payments on the interest, thus avoiding double payment of support pending the litigation.

In the instant case there was no order that if the $1,000 permanent alimony was not paid the same should draw interest. The decree as to the $1,000 permanent alimony is:

"It is Further Ordered, Adjudged and Decreed that the plaintiff have and recover of and from the defendant the sum of One Thousand Dollars ($1,000.-00) as alimony, the same being payable at the rate of One Hundred Dollars ($100.00) per month, beginning January 1, 1948, and continuing for ten successive months at the rate of $100.00 per month until the full sum of $1,-000.00 has been paid."

Nothing is said about interest. There is nothing in any of the authorities cited contrary to the opinion in Smyth v. Smyth, supra. The rule there stated

must be correct for the reason that the statute, 12 O. S. 1941 §1278, and the decisions of this court, require that any award of permanent alimony must be for a definite sum payable in gross or in such installments as the court may direct.

Smyth v. Smyth, supra, recognizes, and in fact follows the rule stated by the Minnesota Court in Bickle v. Bickle, supra, in that the record in the Smyth case showed that defendant had, in fact, paid one installment of $100 under the order to pay temporary alimony after the decree became final and it was held that the excess payment of $100 on temporary alimony should be allowed and credited as a payment of $100 on the judgment of $500 permanent alimony. The same rule was, in effect, followed in Smith v. Smith, 147 Cal. 143, 81 P. 411, and in Sheppard v. Sheppard, 161 Cal. 348, 119 P. 492.

To hold that payment of alimony pendente lite under a valid order may be credited on the decree for permanent alimony would render the decree for permanent alimony indefinite in amount, in that there is no way to determine how long it may take to decide a case of this nature on appeal, and to so hold would lay down a rule abolishing alimony pendente lite despite the fact that it is within the power of the court to allow it. Such a rule would open the way for every defendant who may be called upon to pay alimony pendente lite to gamble on his chances of appeal, and if he loses be assured that he may have the payments so made credited on the decree for permanent alimony. In fact, this court will do it for him, although he does not request it. Furthermore, to allow the alimony pendente lite in the instant case to be credited on the permanent alimony will be to alter the very judgment which we affirm and which, by our affirmance, we find was entered on and supported by the weight of the evidence. The inconsistency of such an order is obvious. The decree of divorce was rendered December 29, 1947. The order allowing alimony pendente lite was entered January 14, 1948. The petition in error and case-made were filed in this court April 29, 1948. The case has been pending in this court almost 24 months and it has been 25 months since the order for alimony pendente lite was entered. Alimony pendente lite in the sum or $2,500 has accrued under the order of January 14, 1948. If this amount, to the extent of $1,000, be credited on the judgment for permanent alimony, it is entirely wiped out and defendant in error will have no benefit of the permanent alimony awarded to her, and she will receive nothing for her support and maintenance after the final determination of the case, and will be left in destitute circumstances, unable to earn her living, and entirely without means to make the payments on the mortgage covering the home awarded to her, and will be utterly without means to pay for an operation which all the evidence shows is necessary before she will be enabled to earn her living.

It may be suggested that the question of allowance of credit for alimony pendente lite paid under a valid order on a judgment for permanent alimony should be a question within the discretion of this court. If that be so, which I do not concede, the record in this case is such that the sound discretion of this court, and justice itself, would dictate and demand that the court, instead of raising the question itself for the benefit of defendant, should, if requested to so credit the payment, deny the request.

The record in this case shows that defendant in error had a crippled daughter by a previous marriage. It further shows that defendant is suffering from a case of arrested tuberculosis; has a tumor which is subject to be removed, and is unable to work. It further shows that the trial court in the decree of divorce specifically found the facts as above stated.

At page 43 of the record, defendant in error testified as follows:

"Q. You have a crippled daughter by a former marriage; is that right? A. I do."

At pages 44 and 45, defendant in error testified as follows:

"Q. Now, are you afflicted with any particular ailments at this time? A. Well, I have an arrested case of tuberculosis, for which I have to have treatments every so often and then, I have a tumor. Q. That's subject to an operation? A. Yes, sir. Q. Have you been to see Doctor Phil Lambke? A. Yes, sir, I went to see him and he wants to get rid of it as soon as this case is settled. Q. And Doctor Burke? A. Doctor Burke when I got this way and a number of others. Q. Can you work? A. No, sir, I cannot work; I am not able to work. Q. Doctor Barnes is also your Doctor? A. Yes, sir."

At page 68 of the record is a statement of Dr. Harry E. Barnes. It is as follows:

"Mrs. Beulah Scott, age 37, 2101 S W 36 has been under my care since Feb. 11, 1947. Her diagnosis is Tuberculosis, arrested case; Anemia, chronic, secondary and post operative menopause; for which she requires continuous treatment and care. This patient is definitely not physically able to work. Her condition is such that she cannot do physical work; and she would be unable to hold even a part time job."

At page 70 of the record is a statement of Dr. Richard M. Burke which is as follows:

"Re: Scott, Beulah (Mrs. Charles)
"1033 Southwest 32nd Street
"Oklahoma City, Oklahoma

"To Whom It May Concern:

"The above named has been under our care for several years because of pulmonary tuberculosis. She is not physically able to carry on regular employment."

The journal entry of the decree which appears at pages 193-199 of the record, page 195 contains the following finding:

"That the plaintiff is now and has been for the past several years suffering from as (sic) arrested case of tuberculosis and cannot now work and support herself; that she is in need of constant medical care and attention; that she is in need of an operation."

The record shows that defendant was earning nearly $300 per month and was well able to contribute the sum of $100 toward the support of his invalid wife. From the above it would appear that to credit plaintiff in error with alimony pendente lite, paid under the order of the court, on the permanent alimony, would be a rank injustice to defendant in error, and would, at the instance of this court and without even a request from plaintiff in error, relieve plaintiff in error of a clear obligation which he was amply able to discharge.

I therefore respectfully dissent to that part of the majority opinion above indicated.